839 So.2d 1042 (2003)
FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,
v.
Henrietta H. GEORGE d/b/a Impact Apostolic Ministries and Henrietta H. George, Individually, Defendant-Appellant.
No. 36,893-CA.
Court of Appeal of Louisiana, Second Circuit.
March 5, 2003.
*1043 Henrietta H. George, J.L. George, in Proper Person.
Shows, Cali & Berthelot by E. Wade Shows, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
STEWART, J.
This is an appeal from a summary judgment in favor of plaintiff, Ford Motor Credit Company, in an action on a retail installment contract. Appellant, Henrietta George, asserts on appeal that she has been denied due process because of "the lack of knowledge and financial resource required to obtain ... legal representation," and that Ford Motor Credit Company has participated in what she describes as "predatory business activities." For the following reasons, we affirm.

FACTS
In July 1999, Henrietta George, doing business as Impact Apostolic Ministries, entered into a retail installment contract with White Ford Lincoln Mercury of Winnsboro, Louisiana, in connection with the purchase of a 1999 Ford Econoline vehicle. George also signed the contract, individually, as Guarantor. George subsequently executed a Voluntary Repossession Agreement, and the vehicle was resold. Although the vehicle apparently sold at auction for $13,000, the Voluntary Repossession Agreement guaranteed a surrender value of at least $16,000. However, after application of that amount, Ford alleged that George still owed the sum of $8,674.84. In December 2000, Ford filed suit against George, both individually and *1044 d/b/a Impact Apostolic Ministries, seeking the sum of $8,674.84, plus interest, attorney's fees of 25% of the total principal and interest due, and all costs.
George filed an answer in which she admitted entering into the contract, but which stated that she did not have "proper foreknowledge" of all the terms of the contract, including the acceleration clause providing for immediate maturity of the note if an installment was not paid promptly. She also admitted executing the Voluntary Repossession Agreement, but stated that the vehicle was surrendered under duress. Finally, she asserted in Paragraph 12 of her answer:
Said Retail Installment Contract provision [sic] were not explained or at least pointed out in the "hurried atmosphere" of the petitioner's agent/vendor, acting on behalf and in advance of this petitioner's suit. Such agreements, under like circumstances with a more "gullible" characteristic have become a pattern for such hard sell cmpaigns [sic] of Ford Motor Credit Company and or its agents/vendors.
In May 2002, Ford filed a motion for summary judgment, including a copy of the Retail Installment Contract and the affidavit of an Administrative Supervisor for Ford setting forth the affiant's personal knowledge of the outstanding balance due. A second affidavit by Ford's counsel was filed in support of an award of attorney fees in the amount of 25% of the principal and interest. The appellate record does not indicate that George filed any opposition to the motion for summary judgment. On July 24, 2002, the court granted Ford's motion for summary judgment, awarding the sum of $8,674.84 plus interest of 4.9% from date of judicial demand until paid, together with attorney's fees of 25% of the total of principal and interest due and owing, and for all costs of the proceedings. This appeal followed.

DISCUSSION
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). When a motion for summary judgment is made and supported as provided by law, the adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by law, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Ford's motion for summary judgment was made and supported as provided by law. George could not then rest on the allegations of her answer, but had to respond, through affidavits or as otherwise provided by law, and set forth specific facts showing a genuine issue for trial. This she did not do. Accordingly, summary judgment was properly rendered against her.
Although she made allegations in her answer concerning lack of knowledge of the terms of the contract and of "hard sell" campaigns by Ford, no facts were ever placed before the court in support of these assertions. Similarly, on appeal George asserts "predatory business activities" on the part of Ford, but there is no evidence in the record to support these allegations. An appeal record includes the *1045 pleadings, court minutes, transcript, jury instructions, judgments, and other rulings unless otherwise designated; facts referred to solely in arguments of counsel, in brief or otherwise, are not considered record evidence. Thomas v. Connolly, 31447 (La.App.2d Cir.1/20/99), 726 So.2d 1052.
Finally, as previously noted, George seems to raise for the first time on appeal a due process argument based on her lack of financial resources to obtain legal representation. George defended this matter on an in forma pauperis basis in accordance with the provisions of La. C.C.P. art. 5181 et seq., which entitled her to proceed without payment of court costs pending the outcome of the matter. However, these provisions do not provide for the appointment of counsel for indigent parties in civil matters. Since this is not a criminal matter, George is not entitled to representation as required in criminal matters by virtue of the Sixth Amendment of the United States Constitution. We know of no legal authority requiring the appointment of counsel for George in this civil matter. In Lay v. McElven, 96-1325 (La. App. 1st Cir.3/27/97), 691 So.2d 311, the appellate court noted that constitutional due process requires the appointment of counsel to indigents in civil matters when fundamental constitutional rights are involved, but the court concluded that recovering damages for a violation of one's civil rights is not a fundamental constitutional right which would entitle an indigent plaintiff to appointed counsel. Likewise, suit on a retail installment contract does not involve issues of fundamental constitutional rights. We find that a defendant in a suit on a retail installment contract is not entitled as an indigent defendant to appointed counsel.

CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.