1 ¡WALTER J. ROTHSCHILD, Judge.
In this child support enforcement case, the State of Louisiana, Department of Social Services (“DSS”), and the recipient, Starlett Young, appeal a judgment of the juvenile court ordering the defendant, Samuel Bennette, Sr. to pay $125.00 per month toward his arrears, rather than $200.00 per month as recommended by the hearing officer. For the reasons which follow, we reverse the judgment of the juvenile court, reinstate the hearing officer’s recommendations, and we remand for an evidentiary hearing in accordance with LSA-Ch.C. art. 423(F), R.S. 46:236.5, and Jefferson Parish Juvenile Court Rule 14.6.
This matter initially arose in 1994 when DSS and Starlett Young filed a “Petition to Prove Paternity and Obtain Child Support” in the juvenile court for Jefferson Parish. Mr. Bennette filed an Answer denying Ms. Young’s allegations that he is the biological father of her two minor children. After blood testing was performed and a hearing was held on July 1,1996, the juvenile court judge found that Mr. Ben-nette was indeed the biological father of Ms. Young’s two children and ordered him to pay child support of $658.07 per month, plus $100.00 per |amonth toward his arrears, as well as court costs, retroactive to October 6, 1994. The arrears were determined to be $15,135.61 and were made executory, and an income assignment was ordered by the court.
The record reveals that for several years after Mr. Bennette was ordered to pay child support, DSS and Ms. Young had difficulty obtaining the court-ordered child support, and the arrears continued to increase. There were numerous hearing dates and some modifications of the child support obligation. Many income assignments were also ordered. The record reveals that Mr. Bennette’s arrears reached as high as $39,142.81 in July 2000.
On January 6, 2004, the matter came before the hearing officer on DSS’s motion to increase Mr. Bennette’s monthly payment of arrears. On this date, the hearing *1128 officer recommended that Mr. Bennette be ordered to pay $365.00 per month for support, $200.00 per month toward his arrears, and court costs. The juvenile court judge signed an order making the recommendations of the hearing officer an order of the court. Neither party signed the hearing officer’s recommendation form indicating that he/she agreed or disagreed with the recommendations. However, the minute entry reflects that Mr. Bennette did not agree with the recommendations, and the matter was referred to a juvenile court judge for a hearing.
On March 1, 2004, a hearing was held before the juvenile court judge regarding Mr. Bennette’s disagreement with the January 6, 2004 order requiring him to pay $200.00 per month toward his arrears. At the hearing, counsel for DSS stated that the arrears were $34,231.72 and that $200.00 per month added to his basic child support obligation would not exceed fifty percent of Mr. Bennette’s disposable earnings, which is the maximum that DSS may collect through an income assignment, pursuant to LSA-R.S. 13:3881. Mr. Ben-nette’s attorney replied that his client had been paying $50.00 per month toward his arrears, and |4that there had been no change in circumstances to warrant an increase in his monthly arrearage payments. He also argued that Mr. Bennette is supporting two other children in Mississippi, though it is not court-ordered support, and that an increase in his arrearage payments would cause a considerable hardship.
No testimony was taken and no evidence was admitted at this hearing. After a brief discussion with counsel for each party, the juvenile court judge ruled that Mr. Bennette would pay his arrears to DSS at a rate of $125.00 per month. It is from this ruling that DSS and the recipient, Starlett Young, appeal.

DISCUSSION

On appeal", DSS and Ms. Young assert that the trial court erred by reducing the amount which the defendant is ordered to pay toward his arrears from $200.00 per month to $125.00 per month. They argue that LSA-R.S. 46:236.3(B)(1) and LSA-R.S. 13:3881 authorize the State to seize up to fifty percent of Mr. Ben-nette’s disposable earnings via an income assignment to satisfy his child support obligation and payment toward the balance of his arrears, and $200.00 per month, in addition to his monthly child support, does not exceed fifty percent of his disposable earnings.
DSS filed a motion seeking to increase Mr. Bennett’s monthly payment toward his arrears, and the matter came before the hearing officer[1] on January 6, 2004. At this hearing, the hearing officer recommended that Mr. Bennette be ordered to pay $365.00 per month in support and $200.00 per month toward his arrears, and this recommendation was made an order of the court. The record does not contain any evidence, including notes, pay stubs, tax returns, or calculations, to ^indicate how the hearing officer arrived at the monthly amount of support or the payment on the arrears. According to the minute entry from this hearing, Mr. Bennette disagreed with the hearing officer’s recommendations.
LSA-Ch.C. art. 423(F) provides in pertinent part:
*1129 Within ten days after transmittal of the hearing officer’s report and recommendation, any aggrieved party may serve and file objections in writing to findings or recommendations. The court will then hear the case de novo and enter judgment. For hearings utilizing the expedited process for establishment of paternity and establishment or enforcement of support, the delay for serving and filing objections shall be established pursuant to local rule as provided in RS.46:236.5. (Emphasis added.)
Jefferson Parish Juvenile Court Rules, Article XIV, Rule 14.6, provides:
If any party disagrees with the recommendation of the Hearing Officer, the said party may object in writing in accordance with La. Ch.C. art. 423(F). The writing may be by letter or by motion.
If a party objects to the recommendation of the hearing officer immediately, the matter will be set before the magistrate judge on that same day, if possible. If it is not possible to set the matter on the same day, it will be set at the next available date before the Judge before whom the case is allotted.
Although we do not have a transcript of the January 6, 2004 hearing, the minute entry indicates that Mr. Bennette immediately objected to the hearing officer’s recommendations and the matter was subsequently set before the juvenile court judge to hear the case “de novo” in accordance with LSA-Ch.C. art. 423(F).
The matter came before the juvenile court judge on March 1, 2004. However, the record before us reveals that there was no testimony or evidence presented before the juvenile court judge. Although DSS contends in its brief that Mr. Bennette is receiving $1,712.00 per month from a retirement annuity as evidenced by a January 2, 2001 statement, the record establishes that no income figures were discussed at the hearing and no documents, pay stubs, or other | (¡evidence was admitted. Facts referred to solely in arguments of counsel, in brief or otherwise, are not considered evidence. Ford Motor Credit Company v. George, 36,893 (La.App. 2 Cir. 3/5/03), 839 So.2d 1042, 1044-1045.
Considering the record before us, we find that the juvenile court did not properly conduct a hearing to determine whether or not the hearing officer’s recommendations were correctly based on the income and circumstances of the parties. Rather, after noting that DSS was asking for $200.00 per month and Mr. Bennette sought to continue paying $50.00, the juvenile court judge essentially “split the difference” and stated without reasons, “[t]he court is gonna order a Hundred and Twenty Five Dollars ($125.00) per month toward the arrears.” There was nothing presented to the court at this hearing from which she could conduct a meaningful de novo review and make an informed decision.
Accordingly, because the matter has not been fully and properly litigated before the juvenile court, and there are no figures, statements, testimony, or evidence in the record from which this court can render an informed decision, we decline to address the merits of DSS’s arguments on appeal as they are premature. Based on our finding that the matter was not properly heard “de novo,” we reverse the judgment of the juvenile court and reinstate the hearing officer’s recommendations. We remand the case to the juvenile court for an evidentiary hearing to determine whether the hearing officer’s recommendations were improper or in excess of the amount of income that the State can seize for child support and arrears, pursuant to LSA-R.S. 13:3881 and R.S. 46:236.3. At *1130 this hearing, the juvenile court judge may also wish to address the defendant’s argument that there has been no change in circumstances.

DECREE

For the reasons set forth above, we reverse the judgment of the juvenile court and reinstate the hearing officer’s recommendations. Further, we remand to 17the trial court for an evidentiary hearing and further proceedings consistent with this opinion.

REVERSED AND REMANDED.

. LSA-R.S. 46:236.5(C)(1) provides in part:
The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment or enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters.