MARC E. JOHNSON, Judge.
 

 12This appeal arises from the granting of a Motion for Summary Judgment in favor of Defendant/Appellee, Home Depot, U.S.A., Inc. (hereinafter referred to as “Home Depot”), and against Plaintiff/Appellant, Elizabeth Glass, from the 24th District Court, Division “G.” For the following reasons, we affirm the decision of the trial court.
 

 According to the pleadings, on March 2, 2007, Plaintiff was a customer at the Home Depot store located in Kenner, Louisiana. At approximately 6:30p.m., Plaintiff exited the store via the contracting loading area, which is generally referred to as the “front apron” of the store. On that particular day, the pedestrian traffic exiting the store was being directed by ropes and posts cemented into plastic buckets. While walking to her vehicle, Plaintiff stepped on “a rock or a piece of concrete with a little stone” on the back of it and fell to the ground in the store’s parking lot and was injured.
 

 Plaintiff originally filed suit in the First Parish Court for the Parish of Jefferson. Home Depot filed its first Motion for Summary Judgment in the First Parish Court, where the motion was denied. Subsequently, the case was removed 1¡¡from First Parish Court to the 24th Judicial District Court. Home Depot again filed a Motion for Summary Judgment in the district court.
 

 As evidence in support of her opposition to the Motion for Summary Judgment, Plaintiff submitted the affidavit of Wilfred Gallardo, a safety expert, and the deposition testimony of Michael Messina, store manager of Home Depot’s Kenner location. After inspecting the general area of Plaintiffs fall, Mr. Gallardo found the area to be a sloped drive-thru composed of concrete, also known as exposed aggregate. Mr. Gallardo further found that the area’s concrete was “cracked/broken,” and there were holes throughout the area. Mr. Messina testified as to the maintenance and repair procedures implemented at the store.
 

 The trial court granted Home Depot’s second Motion for Summary Judgment, without providing reasons, which dismissed Plaintiffs claims with prejudice. Plaintiff filed a Writ of Mandamus requesting to have this Court order the trial court to issue written reasons. The writ was denied because summary judgments are reviewed
 
 de novo
 
 on appeal.
 

 On appeal, Plaintiff alleges that the trial court erred in granting Home Depot’s Mo
 
 *834
 
 tion for Summary Judgment because she produced evidence sufficient to carry her evidentiary burden, as required by LSA-R.S. 9:2800.6.
 

 Appellate courts review summary judgments
 
 de novo,
 
 using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there, is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.
 
 State ex rel. Dept. of Transp. and Development v. Central Gulf Towing, L.L.C.,
 
 07-166, 07-167, p. 4 (La.App. 5 Cir. 10/30/07); 971 So.2d 1163, 1164,
 
 writ denied,
 
 07-2304 (La.1/25/08); 973 So.2d 761. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the 1 ¿legal dispute.
 
 Id.
 
 A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.
 
 Id., citing Hines v. Garrett,
 
 04-0806 (La.6/25/04); 876 So.2d 764.
 

 The mover in a motion for summary judgment bears the burden of proof; however, the mover needs only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim ...”
 
 Fossier v. Jefferson Parish,
 
 07-926, p. 9 (La. App. 5 Cir. 4/15/08); 985 So.2d 255, 259,
 
 citing
 
 LSA-C.C.P. art. 966(C)(2). If a defendant moving for summary judgment has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain.
 
 Id.
 
 The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
 
 Hutchinson v. Knights of Columbus, Council No.
 
 5747, 03-1533, p. 7 (La.2/20/04); 866 So.2d 228, 233.
 

 In the instant case, Plaintiff avers that her accident/injury would not have occurred if the concrete exit, drive thru, and pedestrian walkway of Home Depot’s Ken-ner store had been properly maintained. In support of her argument, Plaintiff mentions that Mr. Gallardo found that the state of disrepair and the general condition of the area created a “tripping and stumbling hazard.” Plaintiff further avers that LSA-R.S. 9:2800.6 imposes on the merchant a duty to persons who use his premises to exercise reasonable care to keep the premises in a reasonably safe condition and “free of any hazardous conditions” which might give rise to damage. Plaintiff contends that she has and can prove that the condition which existed in and the deteriorated state of the parking lot on March 2, 2007 was a trip and fall hazard, which presented an unreasonable risk of harm to customers.
 

 IfiLSA-R.S. 9:2800.6 provides the following:
 

 A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
 

 B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
 

 (1) The condition presented an unreasonable risk of harm to the claimant and
 
 *835
 
 that risk of harm was reasonably foreseeable.
 

 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
 

 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
 

 C. Definitions:
 

 (1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
 

 We will now review whether Home Depot had constructive notice of the condition of the parking lot.
 

 Constructive Notice
 

 In her brief, Plaintiff argues that Home Deport had constructive notice of the condition of the parking lot because Home Depot admitted in its Answers to Interrogatories that it “performs routine examinations and/or inspection of the store on a daily basis.” In support of her argument, Plaintiff raises the admission of | fiMichael Messina, the store manager, that there are six employees whose job it is to clean and maintain the parking lot and front apron. Additionally, when addressing the repair and maintenance work performed at the store, Plaintiff directs attention to the fact Home Depot admitted that no maintenance or repairs had been performed to the store’s parking lot for the three year period prior to the date of the accident.
 

 A plaintiff must prove each of the three elements set forth in section B; failure to prove any of these required elements will prove fatal to a plaintiffs claim.
 
 Oster v. Winn Dixie Louisiana, Inc.,
 
 04-117, p. 6 (La.App. 5 Cir. 8/31/04); 881 So.2d 1257, 1261,
 
 citing White v. Wal-Mart Stores, Inc.,
 
 97-0393, p. 4 (La.9/9/97); 699 So.2d 1081. Where a claimant is relying upon constructive notice under LSA-R.S. 9:2800.6(B)(2), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant-defendant on notice of its existence.
 
 Id.
 
 This element is referred to as the “temporal” element. Absent some showing of the temporal element, there can be no inference of constructive knowledge. While there is no bright line time period, a plaintiff must show that the condition existed for “such a period of time.”
 
 Oster v. Winn-Dixie Louisiana, Inc.,
 
 04-117 at 6-7; 881 So.2d at 1261,
 
 citing Kennedy v. Wal-Mart Stores, Inc.,
 
 98-1939, p. 3 (La.4/13/99); 733 So.2d 1188, 1190.
 

 While the claimant must make a positive showing of the existence of the condition prior to the fall, a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall.
 
 Oster v. Winn-Dixie Louisiana, Inc.,
 
 04-117 at 7; 881 So.2d at 1261,
 
 citing White v. Wal-Mart Stores, Inc., supra.
 
 A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the 17fall has not carried the burden of proving constructive notice as mandated by the statute.
 
 Id.
 
 Because it is the claimant’s burden to prove the existence of the condition for some period of time, the absence
 
 *836
 
 of evidence cannot support the claimant’s cause of action. Rather the absence of evidence is fatal to the claimant’s cause of action.
 
 Id.
 

 In the present case, none of the evidence presented showed, or tended to show, that the condition existed for some time before Plaintiffs fall in the parking lot. Furthermore, the absence of repair or maintenance for a period of three years prior to the incident does not prove that Home Depot had constructive notice of the condition of the parking lot at the time of Plaintiffs fall. Therefore, Plaintiff did not establish that she would be able to satisfy her evidentiary burden at trial. Because Plaintiff has not met her evidentiary burden of proving that Home Depot had constructive notice of the condition of the parking lot, the remaining two elements set forth in LSA-R.S. 9:2800.6(B) are pre-termitted.
 

 DECREE
 

 For the foregoing reasons, we find that there are no genuine issues of material fact that would preclude summary judgment in favor of Defendant/Appellee, Home Depot, U.S.A., Inc. PlaintiffyAppel-lant, Elizabeth Glass, is to bear the costs of this appeal.
 

 AFFIRMED.