HANS J. LILJEBERG, Judge.
UOn November 8, 2011, plaintiffs, surviving spouse and children of Catherine Cook, filed a survival and wrongful death action, seeking damages against multiple defendants, including the insurers of Hunt *732 Tool Company, American Employers Insurance Company, now part of One Beacon America Insurance Company, United States Fidelity and Guaranty Company, The Standard Fire Insurance Company and Travelers Casualty and Surety Company. The plaintiffs alleged that as result of a collective exposure to asbestos, Catherine Cook contracted mesothelioma, which ultimately caused her death.[1] As pertaining to Hunt Tool Company, plaintiffs alleged that Catherine Cook’s father, Leonce Waguespack, Sr., while employed by Hunt Tool Company as a welder, regularly brought home asbestos on his clothing, unknowingly exposing his family. Defendants, herein named, subsequently filed a motion for summary judgment, seeking dismissal of plaintiffs’ claims against them on the grounds that plaintiffs presented no competent evidence that Hunt Tool Company provided Mr. Waguespack with an asbestos vest and gloves to perform his employment tasks. Therefore, defendants 14argued that plaintiffs could not prove that Catherine Cook contracted mesotheli-oma as a result of a contributing exposure to asbestos from Hunt Tool Company. On October 2, 2012, the trial court granted the motion for summary judgment in favor of defendants. From this judgment, plaintiffs appeal.

LAW & DISCUSSION

Jurisprudence is well-settled that appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751; Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544.
Effective August 15, 2012, La. C.C.P. art. 966, as amended by Acts 2012, No. 257, § 1, and Acts 2012, No. 741, § 1, provides that summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.”[2] La. C.C.P. art. 966(B)(2). Further, the amended Article adds a second sub-section to Section E, requiring that “[o]nly evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” La. C.C.P. art. 966(E)(2).
Therefore, as amended, La. C.C.P. art. 966 requires only evidence formally introduced and admitted into evidence at the hearing on summary judgment to be considered by the trial court. Evidence, although attached to the motion or filed into the record, shall not be considered by the trial court unless properly admitted at the hearing under the rules of evidence.
|sAt the hearing on summary judgment, defendants/ movants averred that plaintiffs could not carry their burden of proof at trial, namely that Ms. Cook was exposed to asbestos from Hunt Tool Company. Specifically, defendants pointed to an absence of factual support that Hunt Tool Company provided Ms. Cook’s father with an asbestos vest and gloves.
*733 Generally, in a motion for summary judgment, the movant retains the burden of proof. La. C.C.P. art. 966(C)(2). KMJ Services, Inc. v. Hood, 12-757 (La.App. 5 Cir. 4/10/13), 115 So.3d 34; Robinson v. Jefferson Parish Sch. Bd., 08-1224 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043; Champagne v. Ward, 03-3211 p. 5 (La.1/19/05), 893 So.2d 773, 776-77. However, if the movant sustains this initial burden by showing an absence of factual support for at least one essential element of the adverse party’s claim, action, or defense, then the burden shifts to the adverse party to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. Id. Thereafter, if the adverse party fails to produce factual support to show that he will be able to meet his evidentiary burden of proof at trial, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law. Id.
Here, plaintiffs attached deposition testimony of Ms. Cook and her two brothers, Leonee, Jr. and Patrick Wagues-paek, as well as expert deposition testimony and photographs in support of their claim that Hunt Tool Company exposed Ms. Cook to asbestos via her father’s clothing. Notwithstanding, on appeal, our de novo review of the motion for summary judgment cannot include consideration of the deposition testimony or photographs attached to the motion for summary judgment or its opposition, but not admitted into evidence. Therefore, without any evidence to support the plaintiffs’ claim that Hunt Tool Company provided Ms. Cook’s father with an asbestos vest and gloves, we cannot find that | nthere is a genuine issue of material fact as to Hunt Tool Company’s contribution of asbestos exposure to Catherine Cook. Accordingly, we affirm the summary judgment in favor of defendants.

DECREE

Considering the foregoing, summary judgment granted in favor of defendants, One Beacon America, United States Fidelity and Guaranty Company, The Standard Fire Insurance Company and Travelers Casualty and Surety Company, is affirmed.

AFFIRMED

. In addition to exposure from Hunt Tool Company, appellants allege in brief that Catherine Cook contracted mesothelioma from a combination of contributing household and neighborhood exposure to asbestos, including household exposure from Ms. Cook's first husband's work at Celotex and Ms. Cook's residing and growing up on the Westbank of Jefferson Parish related to Johns-Manville operations, emissions and scrap metal.

. Acts 2012, No. 257, § 1 removed the words “on file” from Section B, subsection 2 of Article 966.