MARC E. JOHNSON, Judge.
| gDefendants/Appellants, Proctor’s Cove II, L.L.C. (hereinafter referred to as “Proctor’s Cove”), Michael Thompson, and Milton Gagnon, appeal the March 13, 2013 and May 3, 2013 summary judgments regarding a promissory note on a condominium development in favor of Plain tiff/Ap-pellee, First Bank and Trust (hereinafter referred to as “First Bank”), filed in the 24th Judicial District Court, Division “K”. For the following reasons, we reverse the summary judgments and remand the matters to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
This is the second appeal for this matter. The pertinent facts of the lengthy history of this case are recited as follows:
On July 27, 2004, Proctor’s Cove executed a promissory note with First Bank in the principal amount of $550,000.00. The promissoiy note was secured by a mortgage on property owned by Proctor’s Cove located in St. Bernard Parish. Milton Gagnon and Michael Thompson each executed a written guaranty of the debts of Proctor’s Cove.
On February 9, 2007, First Bank filed its Petition against Proctor’s Cove, laMilton Gagnon and Michael Thompson, alleging they defaulted on the promissory note and owed a principal sum of $298,340.45 plus interest, attorney’s fees and costs. First Bank amended its Petition- on September 8, 2008, alleging the principal sum owed was $70, 706.10 plus interest, attorney’s fees and costs.
Defendants filed an Answer on September 22, 2008. They subsequently filed an Amended Answer and a Reconventional Demand against First Bank and its President, Joseph Cannizzarro, on January 13, 2009, alleging they breached a settlement agreement between the parties by failing to extinguish the promissory note after it had been satisfied and by further claiming a balance was still owed. Defendants alleged Mr. Cannizzarro renegotiated the terms of the promissory note and set performance obligations for them to meet in order to have the debt of the promissory note satisfied. An affidavit of Brian Berns, First Bank’s Vice President, stating he had knowledge of the settlement agreement between the parties and Defendants had fulfilled their obligations on the note per the agreement, was attached as an exhibit to the reconventional demand. Within that same pleading, Defendants also raised peremptory exceptions of.no cause of action and no right of action. First Bank and Mr. Cannizzarro filed their own Exception of No Cause of Action and/or No Right of Action on March 9, 2009.
On March 18, 2009, Jennifer Thompson, Mr. Thompson’s daughter, intervened in the matter. In her petition, Ms. Thompson alleged First Bank failed to properly apply payments and payoff amounts on her accounts and failed to properly report payments and a paid in full status to the credit reporting agencies for several years after the account was paid in full. On April 22, 2009, First Bank filed an Exception of No Cause of Action and/or No Right of Action against Ms. Thompson, which included a dilatory exception of improper cumulation of actions. A hearing on the exceptions was held on May 26, 2009. '
*420 |4In a judgment rendered on June 2, 2009, the trial court maintained First Bank and Mr. Cannizzarro’s exception of no cause of action against Defendants and dismissed the reconventional demand with prejudice. The trial court then allowed Defendants 30 days to re-file their recon-ventional demand with a stated cause of action. On June 18, 2009, Defendants filed an Amended Reconventional Demand. The amended demand added Mr. Berns as a defendant to the lawsuit.
In a judgment rendered on June 23, 2009, the trial court maintained the dilatory exception of improper cumulation[1] filed by First Bank against Ms. Thompson. The intervention was dismissed without prejudice.
On August 3, 2009, First Bank, Mr. Can-nizzarro and Mr. Berns, the defendants-in-reconvention, filed an Exception of No Cause of Action and/or No Right of Action, alleging the amended reconventional demand did not state a cause of action. A hearing on the exceptions was held on October 2, 2009. In a judgment rendered on October 22, 2009, the trial court maintained the exceptions and dismissed Defendants’ reconventional demand with prejudice. Defendants appealed that ruling. In First Bank and Trust v. Proctor’s Cove II, LLC, 10-1 (La.App. 5 Cir. 3/16/10); 37 So.3d 1019, writ denied, 10-0860 (La.6/18/10); 38 So.3d 328, this Court dismissed Defendants’ appeal with prejudice and remanded the matter to the trial court, holding the judgment was not a final, appealable judgment.
On January 5, 2011, First Bank filed a Motion for Summary Judgment against Milton Gagnon. In response, Milton Gag-non filed a Motion for 863 Sanctions against First Bank. After a hearing, the trial court denied the motions of both First Bank and Milton Gagnon on March 1, 2011.
First Bank filed a Motion to Prohibit Preparation or Filing of Pleadings by | fiNon-Attorney on November 4, 2011. In the motion, First Bank alleged Keith Gag-non was a non-attorney filing pleadings on behalf of Proctor’s Cove and was in violation of La. R.S. 37:213. On December 13, 2011, Proctor’s Cove, through Keith Gag-non, filed a Motion to Compel Court to Comply with the Model Code of Judicial Conduct or Motion to Recuse the Trial Judge. The motion alleged the trial judge failed to apply express mandates of law, resulting in a. material prejudice against it. Proctor’s Cove also filed a Motion to Stay Proceedings pending the resolution of the motion to recuse on December 13, 2011. In a Sua Sponte Motion for Contempt and Rule to Show Cause issued on December 19, 2011, the trial court struck all of the pleadings that were filed by Keith Gagnon on December 13, 2011 and advised Proctor’s Cove to retain counsel to file the appropriate pleadings. The trial court rendered a judgment on January 11, 2012, granting First Bank’s motion to quash subpoena duces tecum and the motion prohibiting the preparation of filing of pleadings by a non-attorney on behalf of Proctor’s Cove.
On August 16, 2012, First Bank filed a second Motion for Summary Judgment against Milton Gagnon, asserting that he was liable for the debt owed for the promissory note, and he had no basis to claim there was a misapplication of funds because he was not a member of Proctor’s Cove and had no decision making power. Milton Gagnon filed a Motion for Continu- *421 anee. First Bank also filed a Motion for Summary Judgment against Proctor’s Cove and Mr. Thompson on January 24, 2013, asserting they could not establish at trial that a written agreement in their favor existed, which was necessary to prove their defense. None of the defendants filed an opposition memorandum to First Bank’s motions for summary judgment. On February 18, 2013, Milton Gag-non filed a Motion for Continuance of the summary judgment hearing.
The motions were heard on February 20, 2013. In a judgment rendered on 1 (¡March 13, 2013, the trial court reset the summary judgment hearing for Proctor’s Cove due to service issues, denied Milton Gagnon’s motion to continue, and granted summary judgment against Mr. Thompson and Milton Gagnon. The trial court awarded First Bank $70,706.10, plus interest accrued through August 27, 2008, plus interest from August 28, 2008, until paid at the rate of 21% per annum, late charges in the amount of $4,417.17, attorney’s fees and costs. Mr. Thompson and Milton Gagnon were found to be liable in solido to First Bank. Mr. Thompson and Milton Gagnon filed a Motion for Reconsideration and/or Motion for New Trial that incorporated a motion for sanctions pursuant to La. C.C.P. art. 863 on March 26, 2013.
Hearings on Mr. Thompson and Milton Gagnon’s motions and First Bank’s reset Motion for Summary Judgment against Proctor’s Cove were held on May 3, 2013. In a ruling rendered on the same date, the trial court denied the motions of Mr. Thompson and Milton Gagnon. The trial court granted summary judgment against Proctor’s Cove in the amount of $70,706.10 plus interest accrued through August 27, 2008, in the amount of $105,826.99, plus interest accrued from August 28, 2008, late charges in the amount of $4,417.17, attorney’s fees and costs. Proctor’s Cove was found to be liable in solido with Mr. Thompson and Milton Gagnon. Defendants filed a notice of appeal, appealing the February 20, 2013 and May 3, 2013 judgments. The order granting the appeal was rendered on June 30, 2013. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Defendants raise the following assignments of error: 1) the trial court erred in failing to apply the law, which included mandated standards of review throughout the proceeding; 2) the trial court was manifestly erroneous by disregarding the recusal motion and remaining on the bench after said motion was 17filed; 3) the trial court erred in failing to apply the statutory standard of review for a summary judgment hearing; 4) the trial court erred by failing to grant the Motion for New Trial; and 5) the trial court erred in assigning inaccurate property values in its judgment.
LAW AND ANALYSIS

Assignments of Errors One and Two

Defendants allege the trial court committed manifest error in failing to comply with the mandated recusal procedures and in striking Proctor’s Cove’s Motion to Recuse from the record. Defendants contend Proctor’s Cove had the legislative and jurisprudential authorization to appear and represent itself through Keith Gagnon. Defendants aver that the trial court’s striking of the Motion to Recuse without a hearing deprived Proctor’s Cove of due process and its legal right to self-representation. Defendants further aver that the trial court’s willful misconduct was an improper practice. As such, Defendants contend that all judgments subsequent to the filing of the recusal motion, including the summary judgment, were rendered in vio *422 lation of the law and are absolutely nullities.
First Bank argues the trial court was proper in striking Proctor’s Cove’s Motion to Recuse because it was never a proper motion. First Bank contends that as the motion was not filed by a licensed attorney, the trial judge was absolutely correct in striking the pleading.
La. R.S. 37:213(A) provides:
No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural person, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
|s(l) Practice law.
(2) Furnish attorneys or counsel or an attorney and counsel to render legal services.
(3) Hold himself or itself out to the public as being entitled to practice law.
(4) Render or furnish legal services or advice.
(5) Assume to be an attorney at law or counselor at law.
(6) Assume, use, or advertise the title of lawyer, attorney, counselor, advocate or equivalent terms in any language, or any phrase containing any of these titles in such manner as to convey the impression that he is a practitioner of law.
(7) In any manner advertise that he, either alone or together with any other person has, owns, conducts, or maintains an office of any kind for the practice of law.
In this matter, Proctor’s Cove was not represented by an attorney at the time its Motion to Compel Court to Comply with the Model Code of Judicial Conduct or Motion to Recuse the Trial Judge was filed. The motion was filed through Keith Gagnon, a person who has not been licensed to practice law in this state. The trial court struck all of the pleadings filed by Keith Gagnon. Because Keith Gagnon was not licensed to practice law and violated the provisions of La. R.S. 37:213, we find the trial court was correct in striking the motion to recuse filed through him on behalf of Proctor’s Cove. As a result, we also find that the judgments rendered by the trial court subsequent to the striking of the recusal motion are not absolute nullities.

Assignments of Error Three, Four and Five

Defendants allege the trial court erred in granting the summary judgment because there is, at least, one genuine issue of material fact remaining in dispute, and the trial court impermissibly weighed and/or made credibility determinations in violation of summary judgment law. Defendants claim that the validity of the alleged debt is a remaining genuine issue of material fact because the debt presented to the trial court is not valid. Defendants argue that more money was paid by Michael Thompson to First Bank than what was actually due on the 1promissory note. Defendants maintain that the payments were misappropriated and/or misapplied by First Bank to the loan of Jennifer Thompson, which caused a remaining balance to be reflected. Defendants also maintain that a genuine issue of material was created as to the existence of a settlement agreement between the parties through Mr. Berns’ affidavit and First *423 Bank’s internal memoranda between Mr. Cannizzarro and Mr. Berns, which were attached to their reconventional demand. Additionally, Defendants allege the trial court erred in denying Mr. Thompson and Milton Gagnon’s motion for new trial/reconsideration.
First Bank argues Defendants failed to show that they would meet their burden of proving a compromise occurred between the parties at trial. First Bank avers that the affidavit of Mr. Berns stating that Mr. Thompson, as sole member and manager of Proctor’s Cove, instructed First Bank to pay his daughter’s loan and personal debt owed to First Bank with proceeds from Proctor’s Cove was not controverted by Defendants with proper summary judgment evidence. As a result, First Bank contends that it was entitled to summary judgment as a matter of law because the trial court was never called upon to weigh evidence or make credibility determinations.
Denial of a motion for new trial is an interlocutory and non-appealable judgment. Smith v. Smith, 08-575 (La.App. 5 Cir. 1/12/10); 31 So.3d 453; Roger v. Roger, 99-765 (La.App. 5 Cir. 1/12/00); 751 So.2d 354, 356. However, the Louisiana Supreme Court has instructed the courts of appeal to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from the appellant’s brief that the intent is to appeal the merits of the case. Id.; See, Punctual Abstract Co., Inc. v. U.S. Land Title, 09-91 (La.App. 5 Cir. 11/10/09); 28 So.3d 459. It is obvious from Defendants’ brief that they intended to appeal the merits of the summary judgments rendered on March 13, |102013 and May 3, 2013.
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Glass v. Home Depot U.S.A, Inc., 10-53 (La.App. 5 Cir. 9/28/10); 50 So.3d 832, 834. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. When ruling on a motion for summary judgment, a
judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
La. C.C.P. art. 966(B)(2).[2]
“Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion.” La. C.C.P. art. 966(E)(2). The mover of the motion has the burden of proving that summary judgment is appropriate. La. C.C.P. art. 966(C)(2).
In the matter at bar, First Bank filed its Motion for Summary Judgment, alleging Defendants defaulted on payments for their promissory note. In support of its position, First Bank attached an affidavit of Mr. Berns, the deposition of *424 Milton Gagnon, a copy of the commercial guaranty, memoranda between Mr. Can-nizzarro and Mr. Berns discussing the loan, and email exchanges between Mr. Berns and Mr. Thompson to its motions. However, a review of the transcripts of luthe motion hearings reveal that First Bank failed to introduce any of the documentation attached to its motions. At the time of the motion hearings, La. C.C.P. art. 966 required that only evidence formally introduced and admitted into evidence at the hearings on the summary judgments could be considered by the court. See, Cook v. Asbestos Corp., Ltd., 13-9 (La.App. 5 Cir. 5/23/13); 123 So.3d 731, 732, affirmed on rehearing, (La.App. 5 Cir. 8/27/13). Evidence, although attached to the motion or filed into the record, could not be considered by the court unless properly admitted at the hearing. Id. Consequently, First Bank failed to have any documentation admitted for the purposes of summary judgment. Thus, without having any evidence to consider for summary judgment purposes, we cannot find that First Bank met its burden of proving there are no genuine issues of material fact as to whether Defendants defaulted on the promissory note and owe an outstanding balance.
Therefore, upon de novo review of the motions filed by First Bank, we find that summary judgments against Defendants are improper. Accordingly, we reverse the trial court’s summary judgments and remand the matter to the trial court for further proceedings. As a result of the reversals, we pretermit review of Defendants’ assignment of error number six and First Bank’s Answer.
DECREE
For the foregoing reasons, we affirm the trial court’s striking of the Motion to Re-cuse. Additionally, we reverse the summary judgments rendered in favor of First Bank and Trust and against Milton Gag-non, Michael Thompson and Proctor’s Cove, II, L.L.C., and remand the matter for further proceedings.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

WICKER, J., concurs with reasons.
CHAISSON, J., concurs with reasons.

. The trial court found that First Bank’s Exception of No Cause of Action and/or No Right of Action against Ms. Thompson was improperly entitled and should have been an exception of improper cumulation.

. It is noted that La. C.C.P. art. 966 was amended by Acts 2013, No. 391 § 1, which became effective on August 1, 2013. The pre-amended version of La. C.C.P. art. 966 was in effect at the time of hearing on the Motion for Summary Judgment in this matter.