ROBERT M. MURPHY, Judge.
I ¡¡Appellant, Shirley M. Scott, appeals from a summary judgment granted in favor of appellee, Autovest, LLC, on the issue of appellant’s indebtedness on a retail installment contract. For the reasons stated herein, we affirm.

FACTS AND PROCEDURAL HISTORY

On May 10, 2003, appellant, Shirley M. Scott (“Scott”), executed a “Retail Installment Contract and Security Agreement” for a financed principal amount of $11,412.15, pertaining to her purchase of a 2003 Chevrplet Cayalier automobile.[1] On June, 13, 2012, Autovest filed the instant lawsuit alleging that Scott defaulted on the contract by failing to make timely payments and owed a balance of. $4,393.49, in addition to interest, attorney’s fees and other costs. On July 19,- 2012, Autovest filed a Motion For Preliminary Default, which was -granted on July- 20, 2012.[2] Scott.filed an answer to the -lawsuit on July 25, 2012.[3] With leave of the trial court, Autovest filed' a Supplemental and Amending Petition on May 2, 2014, |ato provide a corrected amount of accrued interest and date of debt. Scott answered the amended petition. On June 4, 2014, Autovest filed a second Motion For Preliminary Default, which was denied by-the trial court on the same date, based upon the fact that Scott had. answered the lawsuit. On September 8, 2014, Auto vest filed a Motion For Summary Judgment that was' granted- on November 20, 2014. Scott filed an “Answer” on November 25, 2014. Scott, filed a Notice of Appeal on January 8,2015.

LAW AND DISCUSSION

In appellant’s only, assignment of error, she contends that the trial'court erred in granting summary judgment on the validity and/or amount of the alleged debt owed *830 when genuine issues of material fact existed.
As to the alleged reversible error of the trial court granting summary judgment, appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate, asking whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Glass v. Home Depot U.S.A., Inc., 10-53 (La.App. 5 Cir. 9/28/10), 50 So.3d 832, 834. A fact is material if it potentially insures or precludes recovery, affects' a litigant’s ultimate success, or determines the outcome of the legal dispute. Id. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id. When ruling on a motion for summary judgment, a
judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
14La, C.C.P. art. 966(B)(2). The mover of the motion has the burden of proving that summary judgment is appropriate. La. C.C.P. art. 966(C)(2).
On appeal, Scott does not contest the fact that she entered into a finance agreement with Wells Fargo on May 10, 2003. The finance agreement contains provisions for default and a confession of judgment for executory process purposes, in the event that Scott failed to perform any of her obligations under the contract. Autovest filed the finance agreement into the record as part of its request for authenticity of documents propounded upon Scott. Autovest further attached, as part of its motion for summary judgment, an affidavit from its Records Manager, Christina Stiles,[4] who stated that the true and correct amount owed to Autovest by Scott under the contract was $4,393.49, accrued interest of $308.81 and costs of $142.23, “plus interest, attorney’s fees and court costs.”
As noted by the district court at the hearing on the motion for summary judgment, Scott did not file an opposition in proper form. La. C.C.P. art. 967(B) provides:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
In Ford Motor Credit Company v. George, 36,893 (La.App. 2 Cir. 3/5/03), 839 So.2d 1042, the second circuit reviewed the granting of a summary judgment under similar facts to the instant case. In George, the defendant entered into a retail installment contract with a car dealership in connection with the purchase of a vehicle. Defendant thereafter executed a Voluntary Repossession Agreement, and the vehicle was resold. After application of the funds from the sale amount, |KFord Motor Credit (“Ford”) alleged that George *831 still owed the sum of $ 8,674.84 and subsequently sued her. George filed an answer in which she admitted entering into the contract, but claimed that she did not fully understand all of the terms at the time of execution. Ford filed a motion for summary judgment, including a copy of the Retail Installment Contract and the affidavit of an Administrative Supervisor for Ford setting forth the affiant’s personal knowledge of the outstanding balance due. George did not file an opposition to the summary judgment. After a hearing on the motion for summary judgment, the trial court awarded Ford the amount due under the contract, as well as interest and attorney’s fees. In affirming the trial court’s action, the second circuit reasoned:
Ford’s motion for summary judgment was made and supported as provided by law. George could not then rest on the allegations of her answer, but had to respond, through affidavits or as otherwise provided by law, and set forth specific facts showing a genuine issue for trial. This she did not do. Accordingly, summary judgment was properly rendered against her.
Id. at 1044.
In this case, Autovest established that Scott owed a debt pursuant to the “Retail Installment Contract and Security Agreement.” The amount of the debt was detailed in two separate affidavits from Autovest’s Records Managers, who were familiar with Scott’s account. While Scott did file an answer to the petition asserting that the information in the petition was “not correct,” she did not formally oppose the motion for summary judgment or supply any evidence to the trial court that would support her contention that there was a genuine issue of material fact which would preclude summary judgment. As noted above, a party may not rest on the denials of his pleading in order to defeat a motion for summary judgment. La. C.C.P. art. 966(B)(1); Colwart v. Encompass Indemnity Co., 07-79 (La.App. 5 Cir. 5/29/07), 961 So.2d 527, 529, writ denied, 07-1324 (La.9/28/07), 964 So.2d 369.
| (Accordingly, based upon our de novo review of the record, we find no error in the trial court’s ruling that granted summary judgment in favor of Autovest.
In an “issue presented for review,” Scott asserts that Autovest improperly filed a Supplemental and Amending Petition because the pleading was filed without leave of court as required by La. C.C.P. art. 1151. The record demonstrates, however, that Autovest’s amending petition was filed pursuant to an order of the trial court dated May 2, 2014. This argument is without merit.
Based on the foregoing, the judgment of the trial court is affirmed.

AFFIRMED

. While Wells Fargo Financial, Inc., is named as Original Creditor, the record reflects that ultimately'Autovest, LLC ("Autovest”) became the Assignee on Scott's retail installment contract. ■ ■

. The record does net indicate dial the preliminary default was later confirmed.

. Scott represented herself in proper person before the trial court' prior, to this appeal.

. Earlier in the proceedings, Autovest also placed into the record an affidavit from its employee, William Godfrey, who stated that the amount due from Scott consisted of the principal balance of $4,393.49, plus interest and fees in the amount of $2,911.09, for a total balance due of $7,304.58.