OSCEOLA P. SCANLAN AND SAMUEL P. SCANLAN

VERSUS

MBF OF METAIRIE, LLC D/B/A MATT BOWERS FORD, CHRISTOPHER HAGGSTROM, JEFFREY BURNS, CHRISTOPHER JAC, AND AB INSURANCE COMPANY

NO. 21-CA-323

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 809-296, DIVISION "K"
HONORABLE ELLEN SHIRER KOVACH, JUDGE PRESIDING

March 23, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Hans J. Liljeberg

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED WITH INSTRUCTIONS**
    **MEJ**
    **SMC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
OSCEOLA P. SCANLAN AND SAMUEL P. SCANLAN
    Raymond C. Burkart, Jr.

**JOHNSON, J.**

Plaintiffs/Appellants, Osceola P. Scanlan and Samuel P. Scanlan, appeal the trial court's judgment that sustained the peremptory exception of Defendants/Appellees, MBF of Metairie, LLC d/b/a Matt Bowers Ford (hereinafter referred to as "MBF"), Christopher Haggstrom, Jeffery Burns, and Christopher Jackson, and dismissed the action of Samuel, without prejudice, for loss of wages in the 24th Judicial District Court, Division "K". For the following reasons, we affirm in part, reverse in part, and remand to the trial court with instructions.

## FACTS AND PROCEDURAL HISTORY

On August 17, 2020, Appellants filed a "Petition for Damages" against Defendants. In their joint petition, Appellants alleged that on or about September 3, 2019, Samuel was changing the spark plugs on a 2006 Ford Mustang owned by his father, Osceola. While changing the spark plugs, a piece of a spark plug broke off and fell into cylinder head number five, which subsequently required the service repair of the Mustang by Appellees. Appellants alleged that they incurred damages through the negligence and breach of duties of Appellees during the service repair of the Mustang. Specifically, Samuel alleged a loss of wages.

Appellees filed their "Exception of No Cause of Action with Incorporated Memorandum in Support, Answer to Petition for Damages, and Reconventional Demand" on October 26, 2020. In their exception, Appellees asserted that Samuel had no ownership and/or insurable interest in the Mustang; thus, they could not be liable to Samuel for any damages under any legal theory. Appellees then alleged in their reconventional demand that the damages claimed by Appellants were caused solely by the fault and/or negligence of Samuel and requested judgment against Samuel for any amount that may be rendered against them.

A hearing on the exception of no cause of action was held on January 8, 2021. At the conclusion of the hearing, the trial court sustained Appellees'

exception and dismissed Samuel's claims against them without prejudice. The trial court rendered a written judgment stating the same on February 19, 2021. Appellants filed a motion for new trial on January 25, 2021, which was denied by the trial court on March 22, 2021. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, Appellants alleged that the trial court committed reversible error by: 1) dismissing Samuel's claims against Appellees, and 2) denying their motion for a new trial.

## LAW AND ANALYSIS

<u>Dismissal of Samuel's claims and Denial of Motion for New Trial[1]</u>

Appellants have raised the denial of their motion for new trial as an assignment of error. Denial of a motion for new trial is an interlocutory and non-appealable judgment. *First Bank and Trust v. Proctor's Cove II, LLC*, 13-802 (La. App. 5 Cir. 9/24/14); 150 So.3d 418, 423, *writ denied*, 14-2236 (La. 1/9/15); 157 So.3d 1110. However, the Louisiana Supreme Court has instructed the courts of appeal to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from the appellant's brief that the intent is to appeal the merits of the case. *Id*. It is clear from Appellants' brief that they intended to appeal the merits of the February 19, 2021 judgment, which sustained Appellees' exception of no cause of action and dismissed Samuel's claims against them.

Appellants allege that the trial court erred in sustaining Appellee's peremptory exception of no cause of action and dismissing Samuel's claims. They argue that Samuel states a cause of action in the joint petition. They contend that Samuel had usufruct of the Mustang because Osceola gave Samuel use and possession of the Mustang for a limited period of time to derive income from

---

[1] Appellees did not file a brief in this appeal.

Samuel's gainful employment; and, as a usufructuary, Samuel had the right to possess the Mustang and derive the utility, profits, and advantages that possession of the Mustang produced. Thus, Appellants maintain that Samuel had an insurable interest in the Mustang through his usufruct.

Appellants also argue that they had a gratuitous contract, whereby Osceola loaned a non-consumable thing (the Mustang) to Sam for his use and return. They contend that their gratuitous contract is akin to the rights of a lessee who sustains damages. Appellants further argue that Appellees' reconventional demand is an additional acknowledgment of the existence of Samuel's cause of action. Lastly, Appellants argue that Samuel's petition raises causes of action, subject to the duty-risk analysis. In the event that this Court does not overrule the trial court's judgment, Appellants request that they be allowed to amend Samuel's petition for damages.

Pursuant to La. C.C.P. art. 934, "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed." When reviewing a judgment sustaining a peremptory exception of no cause of action, this Court, in *Grubbs v. Haven Custom Furnishings, LLC*, 18-710 (La. App. 5 Cir. 5/29/19); 274 So.3d 844, 847-48, has stated the following:

> A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert an action against the defendant. The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The exception's function is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the exception raising the objection of no cause

of action.  For the purpose of determining the issues raised by the exception, all facts pleaded in the petition must be accepted as true.

The appellate court standard of review of a judgment sustaining an exception of no cause of action is *de novo* because the exception raises a question of law, and the trial court's decision is based only on the sufficiency of the petition.  A petition should not be dismissed for failure to state a cause of action, unless it appears beyond a doubt the plaintiff can prove no set of facts in support of any claim that would entitle him to relief.

(Internal citations omitted).  Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action, and the court may not go beyond the petition to the merits of the case.  *Succession of Griffin*, 17-637 (La. App. 5 Cir. 5/30/18); 249 So.3d 1048, 1055, *writ denied*, 18-1081 (La. 10/15/18); 253 So.3d 1303.

In the instant matter, Appellants set forth 21 allegations in their joint petition.  Among the pertinent allegations in this matter, Appellants alleged that Osceola's Mustang was required for Samuel's continued employment as a delivery employee for a food service establishment.  They stated that, while Samuel was changing a spark plug in Osceola's Mustang on September 3, 2019, a part of the spark plug broke and fell into cylinder head number five.  In an effort to prevent damage to the Mustang's engine, Appellants stated that they contacted a tow truck company and instructed the tow driver not to start the engine while towing the vehicle to MBF service facility.  The petition alleges that Samuel placed a note on the dashboard of the Mustang informing anyone at MBF not to start the engine because a spark plug part was in the engine cylinder.  It also alleges that Samuel orally informed Christopher Jackson not to start the engine because of the spark plug part.  Appellants believed that an employee of MFB started the Mustang's engine to drive it into a service area for repairs.  They further stated that Samuel was eventually terminated from his job because he could not make deliveries to his employer's customers.  Samuel prayed for loss of wages, as a result of Appellees'

alleged negligence and breach of duties.

In their exception of no cause of action, Appellees maintained that, since Samuel had no ownership and/or insurable interest in the Mustang, there was no duty owed to Samuel at any time for his alleged indirect economic loss related to Osceola's vehicle. They averred that the duty allegedly violated does not encompass the particular risk of injury allegedly sustained by Samuel. Ultimately, Appellees asserted they could not be liable to Samuel for any damages under any legal theory.

At the hearing on the exception, the trial court orally sustained Appellee's exception of no cause of action. The court found that, in terms of the moral, social, and economic values with a view towards the ideal of justice, Samuel's claims did not satisfy the Louisiana Supreme Court's requirements. In regards to amending the petition, the trial judge stated, "I'm not – I mean I'm not suggesting that you amend because I don't know that there are any facts that would change things. If you're aware of them[,] then certainly you can amend your petition and there may be another exception." The trial judge subsequently noted that her dismissal was without prejudice.

After review, we find that the trial court was not legally erroneous in sustaining Appellees' exception of no cause of action. Appellants' petition does not set forth sufficient allegations of fact that would afford Samuel a remedy under the law for loss of wages. However, we also find that the trial court was erroneous in failing to allow Appellants the opportunity to amend their petition. As earlier cited, La. C.C.P. art. 934 provides that a judgment sustaining the exception of no cause of action shall dismiss the action, if the grounds of the objection cannot be removed, or order amendment of the petition. We conclude that Appellants should have been allowed the opportunity to amend their petition to state a valid cause of

action on behalf of Samuel.[2]

**DECREE**

For the foregoing reasons, we affirm the portion of the trial court's judgment sustaining the peremptory exception of no cause of action filed by MBF of Metairie, LLC d/b/a Matt Bowers Ford (hereinafter referred to as "MBF"), Christopher Haggstrom, Jeffery Burns, and Christopher Jackson, and reverse the dismissal of Samuel P. Scanlan's claims. Accordingly, we remand the matter to the trial court with instructions that it afford Appellants an opportunity to amend the joint petition for damages to remove the grounds for the objection for the exception of no cause of action, if they are able to do so, within a reasonable time delay pursuant to La. C.C.P. art. 934.

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED WITH INSTRUCTIONS**

---

[2] According to La. C.C. art. 535, a usufruct is a real right of limited duration on the property of another. A usufructuary may institute against a third person all actions that are necessary to insure the possession, enjoyment, and perseveration of his right. La. C.C. art. 566. When any loss, extinction, or destruction of property subject to usufruct is attributable to the fault of a third person, the usufruct does not terminate, but it attaches to any claim for damages and the proceeds therefrom. La. C.C. art. 614.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 23, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-323

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE ELLEN SHIRER KOVACH (DISTRICT JUDGE)
DAVID K. PERSONS (APPELLEE)

**MAILED**
RAYMOND C. BURKART, JR. (APPELLANT)
ATTORNEY AT LAW
321 NORTH FLORIDA STREET
SUITE 104
COVINGTON, LA 70433