liLOBRANO, Judge.
It is a well recognized legal principle that a default judgment cannot be rendered if the defendant has filed an answer. The issue in this case is whether the document filed in response to plaintiffs petition is an answer by the defendant against whom the judgment was rendered.
Plaintiff sued Kit World, Inc. and three individuals, in First City Court, for damages sustained as a result of a series of events involving her car and which are not germane to the issue before us. Service was requested on Kit World through its registered agent, Tony Barton, at 2626 St. Phillip Street in New Orleans. On October 10, 1996, Tony Barton filed an answer on a form provided by the Clerk of the First City Court. The document has the caption of the lawsuit and has the' printed word “Answer” at the top, center. The space below provides that “Now into court comes Tony Barton and wishes to disagree with the above lawsuit for the following reasons:” Then appears the handwritten response of Mr. Barton. Although inart-fully drawn, Mr. Barton basically says that the employee who took plaintiff’s car was not an employee of Kit World and that that person was an alcoholic and drug addict.
^Plaintiff moved for and obtained a default judgment against Kit World. Kit World moved for a new trial which was denied. It perfects this appeal arguing the trial court *808 erred in rendering a default judgment. We agree.
The simple issue is the sufficiency of the answer filed by Barton. Plaintiff argues that the document does not conform to the requirements of Code of Civil'Procedure articles 1003, 854 and 863; that the document was not filed on behalf of Kit World, but on Barton’s behalf; that Barton could not answer on behalf of Kit World because he is not an attorney; and, finally, that Kit World offered no evidence at the new trial hearing to support its argument that Barton is the sole shareholder and owner of Kit World and that he is an uneducated person.
We readily concede that the document, in terms of legal requirements, is, at best, inartfully drawn. However, there could be no mistake that it purports to be an answer since that is what the title proclaims. It bears the correct caption of the case, and is on the “official” form provided to pro se litigants by the clerk’s office. A default judgment is not a correct remedy for a pleading which does not measure up to the requirements of the Code of Civil Procedure. A motion to strike, a motion to supplement or a motion for judgment on the pleadings may be appropriate. However, we will not affirm a default judgment on the theory that an inartfully drawn answer is tantamount to no answer.
We further concede that the document does not say Barton is appearing on behalf of Kit World. Although Kit World’s affirmative defense of lack of employment relationship is specifically pleaded, the document begins and ends with Barton’s name as an individual. Nevertheless-, under the particular circumstances of this ease, we find that entry of a default judgment was an improper remedy. Plaintiff knew that Barton was an agent for Kit World. She ^requested service on him. Barton is not an individual defendant in these proceedings, thus there was no reason for him to answer on his own behalf. Although he does not specifically say his answer is on Kit World’s behalf, a more than reasonable conclusion would be that he intended to answer on Kit World’s behalf.
In Consolidated Resources, Inc. v. Siess, 613 So.2d 163 (La.1993), the Supreme Court set aside a default judgment entered against non-residents where a curator’s answer, even though not binding on the defendants, was in the record when the judgment was rendered. The court reasoned that the parties could have moved to strike the answer, and once stricken, the trial court could have then entered the default judgment. The same reasoning is applicable here. Plaintiff could have moved to strike the answer prior to obtaining a default judgment. Entry of a default judgment, like dismissal with prejudice, is a harsh remedy. Where there is a reasonable question as to whether defendant has answered, the doubt should be removed before judgment is entered.
Plaintiff further says, however, that Barton was without legal authority to answer on behalf of Kit World because he is not a licensed attorney. Simply, plaintiff says that a corporation is a fictional legal person and cannot appear in proper person and therefore Barton could not answer on Kit World’s behalf. In support plaintiff cites Southwest Express Co., Inc. v. Interstate Commerce Commission, 670 F.2d 53 (5th Cir.1982). In that ease, the Federal Appeals Court dismissed the corporation’s petition for review of an Interstate Commerce Commission determination. The court concluded that the corporation could not appear in proper person or through its corporate officer, but only through a licensed attorney. Relying on settled federal jurisprudence interpreting 28 U.S.C. § I4654,[1] the court rejected the pleading filed by Southwest’s president since he was not an attorney and dismissed the company’s petition for review.
We find no fault with the general principles set forth in Southwest Express Co., supra. although arguably there may be situations where a corporate officer could make an appearance on a corporation’s behalf. However, we make particular note that in Southwest, before the court dismissed the *809 petition for review, it issued a show cause order to the corporation directing it to appear through a licensed attorney. Only after the corporation failed to comply with the order did the court dismiss its petition. Thus, the approach taken by that court was to give the aggrieved party the opportunity to cure the unintentional defect in the pleadings caused by its “lay person” president. As we have previously noted, the particular facts and circumstances suggest that the same approach would be appropriate in this case. That is, plaintiff should have moved to strike the answer and after a hearing, the court could have required that the deficiencies be cured. Failure to comply timely would result in the answer being stricken and then, default judgment would be a proper remedy.
Finally, plaintiff argues that Kit World offered no evidence at the hearing on the new trial motion to support its contention that Barton was acting on its behalf. While it is correct that Kit World presented only argument and no evidence at the hearing, the record does show a eonnexity between Barton and Kit World. By plaintiffs own service instructions, he is undoubtedly Kit World’s agent.[2] Further Barton’s “answer” spells out that the alleged “culprit” in the case Isdid not work for Kit World. Since Barton is not a defendant, simple logic suggests that he is seeking to exonerate Kit World. Thus, the record, as it presently exists, supports our holding that default judgment was inappropriate under the circumstances of this case.
Accordingly, we vacate and set aside the judgment rendered against Kit World and remand for further proceedings.
REVERSED AND REMANDED.

. 28 U.S.C. § 1654 provides:
“In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.” '

. If he were not, then there would be no service on Kit World and a default judgment could not be entered.