PER CURIAM.
_JjThis matter involves a default judgment for $1,256,205.39, plus legal interest, which was entered in favor of plaintiff and against defendant, Dirt Worx of Louisiana, L.L.C. We find the trial court’s failure to conduct a contradictory hearing on plaintiffs motion to strike defendant’s answer from the record was erroneous based on La. C.C:P. art. 964 and that the error was not harmless. Accordingly, we vacate and set aside the default judgment entered against defendant and remand for further proceedings.
BACKGROUND
Plaintiff filed suit against defendant for breach of a contract to provide demolition work, earthwork, and a storm drainage system on a construction project. After defendant was served with the citation and petition, plaintiff moved for and obtained a preliminary default. Thereafter, a letter from defendant was filed into the record. The letter, signed by defendant’s registered agent, stated:
I’m writing in response to your petition for damages as outlined in case 725-313 Citadel Builders. Dirt Worx of Louisiana, LLC denies all claims mentioned. If you have any supporting documents to your claim, please forward them to our office for review.
The clerk of court for the trial court filed the letter as an “Answer to Original Petition” and charged a filing fee for the answer, which was paid by defendant.
|ZA few months later, plaintiff sent a letter via private carrier and certified mail to defendant’s registered agent stating that it intended to file a motion to confirm a default judgment against defendant. The letter explained that while plaintiff had not received the letter “purporting to be a response to the petition,” plaintiff did not consider that letter to be an answer as it did not comply with the requirements of La. C.C.P. arts. 853, 854, and 1005. Further, plaintiff advised that, to the extent the letter could be considered a pleading, it was filed by a non-lawyer in violation of La. R.S. 37:213.
Thereafter, plaintiff filed two pleadings: a motion to strike answer and a motion for final default judgment. The same day, the *910 court granted ex parte the motion to strike answer, ordered defendant’s answer be stricken from the record, and rendered a default judgment against defendant.
Defendant filed a motion for new trial, which was denied. Defendant appealed, arguing that the trial court erred in striking its answer without a contradictory hearing and that plaintiff failed to give proper notice of its intent to confirm the default.
The court of appeal affirmed the trial court’s confirmation of the default judgment. Citadel Builders, L.L.C. v. Dirt Worx of Louisiana, L.L.C., 14-495 (La.App. 5 Cir. 11/25/14), 165 So.3d 117. In so doing, the court determined that, despite its technical deficiencies, the letter filed by defendant sufficiently responded to the allegations in the petition so as to constitute an answer. In addition, the court determined that, while the trial court was required by the express terms of La. C.C.P. art. 964 to conduct a hearing prior to striking defendant’s answer, the failure to hold such a hearing was harmless. Finally, the court determined that plaintiff complied with the notice requirement of La. C.C.P. art. 1702 prior to confirming the default. This application followed.
UDISCUSSIQN
The sole issue presented concerns the trial court’s failure to conduct a contradictory hearing on plaintiff’s motion to strike. Relying on the plain wording of La. C.C.P. art. 964, the court of appeal correctly recognized that the trial court was required by the express language of the article to hold a hearing on plaintiffs motion prior to striking defendant’s answer. However, the court went on to find that the trial court’s failure to conduct the mandated hearing, while erroneous, was harmless. We respectfully disagree.
In clear and unambiguous language, La. C.C.P. art. 964 requires that a hearing be conducted prior to the issuance of an order to strike. See La. C.C.P. art. 964 (“The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter.”). (Emphasis added.) The mandatory nature of this requirement, as it applies in this case, is underscored by La. C.C.P. art. 963, which provides, in pertinent part:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. [Emphasis added.]
In this case, the court of appeal found that the trial court’s failure to hold a contradictory hearing on plaintiffs motion to strike was harmless, i.e., it did not affect the merits of the case, because defendant’s answer was filed by its registered agent and La. R.S. 37:213 prohibits a limited liability corporation from representing itself through its registered agent who is not licensed to practice law. Since the ruling |4striking defendant’s answer was correct, the court of appeal reasoned, defendant was not prejudiced by the failure of the trial court to conduct a contradictory hearing.
The court of appeal’s ruling fails to account for the fact that plaintiffs motion to strike was based, in part, on the allegation that the answer filed on behalf of defendant was filed by an individual who is not licensed to practice law, an allegation that clearly requires supporting proof, yet a review of the record reveals no proof was *911 offered or received. The motion was granted ex parte. Because there is no evidentiary basis in the record for the ruling striking defendant’s answer, the trial court erred in granting plaintiffs motion to strike. That error was clearly prejudicial, and not harmless, because the default judgment should not have been rendered while defendant could, and should have been able to, claim the benefit of its answer.
Had the trial court conducted the mandated contradictory hearing in this matter, plaintiff would have had the opportunity to offer supporting proof for its motion and defendant would have had the opportunity to cure any deficiencies in its pleadings, either by controverting the plaintiffs proof or by engaging an attorney to appear on its behalf. See Seelig v. Kit World Super Store, Inc., 97-1592 (La.App. 4 Cir. 1/21/98), 705 So.2d 806, 808-09.[1] Neither of those alternatives having come to fruition in this case, the motion to strike was improvidently granted and the default judgment was improvidently entered.
| ¡¡Accordingly, the judgment of the court of appeal affirming the default judgment is reversed, the default judgment is vacated and set aside, and the case is remanded for further proceedings.
REVERSED AND REMANDED.
KNOLL, J., dissents and assigns reasons.
CRICHTON, J., additionally concurs and assigns reasons.

. In Seelig, a case in which the authority of an individual to file an answer on behalf of a corporation was challenged, the court suggested that the appropriate approach, rather than prematurely moving for entry of a default judgment, would have been as follows: “[P]laintiff-should have moved to strike the answer and after a hearing, thé court could have required that the deficiencies be cured. Failure to comply timely would result in the answer being stricken and then, default judgment would be a proper remedy.” Seelig, 97-1592 at 4, 705 So.2d at 809 (emphasis added). Affording a litigant the opportunity to cure an alleged defect in its pleadings is consistent with the policy which disfavors motions to strike, Hazelwood Farm, Inc. v. Liberty Oil and Gas Corp., 01-0345 (La.App. 3 Cir. 6/20/01), 790 So.2d 93, 98, and with exception practice, which provides a litigant the opportunity to cure a defect if the grounds of an objection pleaded in an exception can be removed by amendment. See La. C.C.P. arts. 932, 933(B), and 934.