Judge Marion F. Edwards, Pro Tempore
111mperium Builders South, LLC, appeals a final judgment entered against it and in favor of Joshua Torregano and his wife, Mallori Jaye Williams, in which the district judge concluded, among other things, that the Torreganos were justified in cancelling their residential construction contract with Imperium and that Imperi-um was not entitled to breach of contract *640 damages. Noticing sua sponte, however, that Imperium’s motion for appeal was defective, we must dismiss Imperium’s appeal because the district court has yet to be divested of jurisdiction. We now explain our reasons in more detail.
I
On May 22, 2013, Imperium entered into a residential construction agreement with the Torreganos for the construction of a single-family residence in New Orleans, Louisiana. The contract had a total value of $194,000.00, subject to additions and deletions by change order as allowed under the contract. In accordance with the loan obtained jointly by the Torrega-nos, payment was separated into six draws, which were predicated upon the work approval of, among Mothers, the Torreganos. As the project neared completion, a conflict arose between Imperi-um and the Torreganos regarding their reciprocal obligations for the payment, and reimbursement, of changes and additions to the project. The conflict escalated on September 27, 2013, when, after a heated discussion, James Smith, Imperi-um’s principal, struck Mr. Torregano. The Torreganos then canceled the contract and refused to approve Imperium’s draw request for $32,800.00 in work that had already been completed.
On November 13, 2013, Imperium filed its first Statement of Claim of Lien and Privilege on the property for the alleged amount outstanding. On November 13, 2013, the Torreganos filed a petition to cancel and erase the statement of lien. After concluding that Imperium was not a licensed contractor according to the terms of La. R.S. 37:2175.6, and thus not entitled to take advantage of the statute’s lien provisions, the district judge ordered that the lien be removed from the mortgage records and that Imperium pay the Torrega-nos’ associated attorney’s fees and court costs. Shortly thereafter, Imperium filed a second Statement of Claim of Lien and Privilege on the property. The Torreganos again responded with a petition to cancel, which the district judge again granted after finding for a second time that Imperi-um was not a properly licensed contractor entitled to take advantage of the builder’s lien privilege.
On January 10, 2014, Imperium filed suit against the Torreganos for breach of contract and unjust enrichment, alleging that it was entitled to the outstanding balance remaining on the contract price, as well as the 5% contractor’s fee. The |aTorreganos responded with an answer and reconven-tional demand for breach of contract against Imperium, and a third-party demand against Mr. Smith in his individual capacity for damages stemming from the physical altercation of September 27, 2013. Imperium’s suit was subsequently transferred and consolidated with the Torrega-nos suit seeking the lien cancellations.[1]
The matter proceeded to trial, after which, the district judge denied Imperi-um’s principal demand, and concluded that the Torreganos had sufficient cause to terminate the contract yet failed to prove monetary damages in excess of the contract price. The district judge additionally concluded that Imperium willfully and improperly placed a lien on the Torregano’s property and rendered judgment in favor of the Torreganos for $1,500.00. The district judge further found that Mr. Smith committed a battery upon Mr. Torregano and awarded him $3,500.00 in damages. The judge, however, also found that the *641 Torreganos failed to establish that Mr. Smith committed an assault or battery upon Ms. Williams and, accordingly, denied her third-party claim against Mr. Smith. The district judge signed a final judgment memorializing her ruling on December 10, 2014.
On January 7, 2016, Imperium, which had heretofore been represented at ah times by retained counsel, attempted to appeal this matter devolutively by way of a motion filed by Mr. Smith, a third-party, non-attorney defendant. In other words, while Mr. Smith has not sought an appeal of that portion of the judgment rendered |4against him in his individual capacity, he has sought, in a representative capacity, to appeal the judgment rendered against Im-perium. The district judge, nevertheless, signed the order and this matter was placed in due course upon our docket. We observe, however, that Mr. Smith has never held himself out as, nor does he currently claim to be, an attorney licensed by the State of Louisiana. While those who appear before the courts of this state have the right and privilege of representing themselves pro se, people who are not licensed by the state to practice law cannot, with but few exceptions, represent other persons or parties before this state’s courts. See Price v. Taylor, 139 So.2d 230, 233 (La. App. 1st Cir. 1962). Accordingly, we are constrained to conclude that the motion for appeal filed on behalf of Imperi-um by Mr. Smith in a representative capacity did not divest the district court of jurisdiction. We must, therefore, dismiss Imperium’s appeal. We now explain our reasoning in more detail.
II
The Louisiana Constitution of 1974 provides for our appellate jurisdiction and our supervisory jurisdiction. See La. Const. Art. 5, § 10(A). “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” La. C.C.P. Art. 2082. This Court has stated that perfecting an appeal of a judgment in a civil matter, such as here, requires three procedural elements: “(1) a motion or petition for appeal, (2) an order of appeal, and (3) notice of appeal.” Bremermann v. Bremermann, 05-0547, 2 (La.App. 4 Cir. 1/11/06), 923 So.2d 187, 188 (quoting Ratcliff v. Boydell, 566 So.2d 197, 199 (La. App. 4 Cir.1990)).
Here, a motion for appeal on Im-perium’s behalf was filed by Mr. Smith, who is not a licensed attorney. The performance of any act in connection with proceedings before a court of record in a representative capacity, however, is clearly within the definition of the practice of law contained in Section 212 of Title 37[2] of the Louisiana Revised Statutes, and only a *642 duly licensed person may engage in the practice of law according to the provisions of Section 213 of Title 37.[3] See \ «Price, 139 So.2d at 233. While Mr. Smith could have procured an appeal from that portion of the district court’s judgment which found him personally liable for damages to Mr. Torregano, he chose not to seek review of that portion of the judgment. Rather, he filed a pro se motion in his individual capacity seeking appellate review on Imperi-um’s behalf.[4] Mr. Smith, however, was prohibited by the provisions of these two Sections from filing such a pleading in this manner.[5]
In light of Section 213’s prohibitions, we must conclude that the pro se motion for appeal filed by Smith seeking appellate review on Imperium’s behalf, as well as the subsequent order granting the motion, “is of no legal effect.” Deal, 36,168, p. 10, 824 So.2d at 547. See also Price, 139 So.2d at 233 (“The appeal taken by defendant L. Norman Taylor on behalf of his co-defendants was, under the circumstances shown, without legal effect,”). Impertan, accordingly, did not file a legally effective motion for appeal and the subsequently signed order did not divest the district court of jurisdiction.
17Because the jurisdiction of an appellate court attaches only upon the granting of an order of appeal, we must likewise conclude that the order at issue did not serve to invest this court with appellate jurisdiction. See La. C.C.P. Arts. 2088, 2121; Brennan’s, Inc. v. Colbert, 13-0943, p. 4 (La.App. 4 Cir. 9/26/13), 125 So.3d 537, 539 (citations omitted). We must, therefore, dismiss Imperium’s appeal. See Stein v. Martin, 98-1370, pp. 3-4 (La.App. 4 Cir. 11/18/98), 723 So.2d 1038, 1040 (“The order of appeal is essential in the preservation of the appellant’s right to appeal.... Failure of the appellant to obtain the order of appeal forfeits his right to appeal.... Thus, the appellate court has the authority to dismiss an appeal on its own motion or on motion of any party when the appellant has no right to appeal.”) (citations omitted, emphasis in original).
*643 DECREE
Impertan Builders South, LLC’s appeal of the December 10, 2014 judgment in favor of Joshua Torregano and Mallori Jaye Williams is dismissed.
APPEAL DISMISSED

. The Torreganos suit was still active at this time, despite the lien cancellations, because the Torreganos' motion for sanctions against Imperium for its refusal to timely cancel the liens was still pending at the time of the transfer/consolidation order.

. La. R.S. 37:212 provides in pertinent part:
A. The practice of law means and includes: (1) In a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state; or
[[Image here]]
B. Nothing in this Section prohibits any person from attending to and caring for his own business, claims, or demands; ...
C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
We note that Part C of Section 212 is inapplicable to Imperium in this case because its claim for breach of contract damages clearly exceeds this part’s $5,000.00 limitation.

.La. R.S. 37:213 provides in pertinent part:
A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
(1) Practice law,...
(4) Render or furnish legal services or advice.
There is nothing in the record to even suggest that Imperium is, according to Part A, a limited liability company, “formed for the practice of law,” and composed of natural persons “all of whom are duly and regularly licensed and admitted to the practice of law.”

. The motion for appeal at issue reads: "NOW INTO COURT, through undersigned defendant [James Aaron Smith], comes IM-PERIUM Builders South, LLC, made defendant in this cause, which, with respect, moves that ... Mover desires to devolutively appeal said [December 10, 2015] Judgment.”

. We think it of no moment that Mr. Smith was Imperium's principal. As we have noted, "even where a limited liability company has a sole shareholder, it is an entity separate and distinct from that shareholder in terms of procedural capacity.” Bankston v. Tasch, LLC, 09-1573, pp. 5-6 (La.App. 4 Cir. 6/2/10), 40 So.3d 495, 498. See also Deal v. Lexing-Powell, 36,168, p. 10 (La.App. 2 Cir. 8/16/02), 824 So.2d 541, 547 ("As a distinct legal entity, CWD must bring its own appeal. The appeal by Deal of an order and judgment dismissing the claims of CWD is of no legal effect.”).