WICKER, J.
*217 Appellant, Wholesale Auto Group, Inc. ("Wholesale"), appeals the district court's August 2, 2017 judgment dismissing its "Petition for Appeal of Administrative Adjudication" for lack of jurisdiction, as the petition was impermissibly filed on its behalf by a non-lawyer corporate representative and therefore, without effect. For the reasons that follow, we affirm the district court's judgment.[1]
Factual and Procedural History
On March 13, 2017, the Louisiana Motor Vehicle Commission ("LMVC") conducted a hearing addressing a complaint that Wholesale had engaged in both the unlicensed business of financing motor vehicles and in misleading and prohibited advertising for the period between January 27, 2015, and March 13, 2017, all in violation of Louisiana law. Following its hearing, on April 19, 2017, LMVC issued its judgment against Wholesale in both regards, finding Wholesale had violated both La. R.S. 6:969.35 and Louisiana Administrative Code 46.V.703, 713, 745 and 749. LMVC assessed a $100,000.00 fine against Wholesale as well as costs in the amount of $35,583.56, related to the LMVC proceedings, and $2,940.24, related to the Twenty-Fourth Judicial District Court proceedings.[2] Wholesale was represented by counsel during the LMVC proceedings. Thereafter, on May 12, 2017, in response to the judgment, fine, and costs assessed, Wholesale filed a "Petition for Appeal of Administrative Adjudication and Request for Stay Order Pending Appeal" in the Twenty-Fourth Judicial District Court. Danny Alonzo, Wholesale's corporate agent and owner, filed the appellate petition in the 24th Judicial District Court on Wholesale's behalf.[3] Alonzo is not licensed to practice law in Louisiana. Wholesale in its petition for administrative appeal sought reversal of LMVC's April 19, 2017 judgment, arguing the judgment (1) violates the Louisiana Constitution; (2) violates the Louisiana Administrative Procedure Act; (3) exceeds the statutory authority of the Motor Vehicle Sales Finance Act; and (4) is not supported by the preponderance of the evidence. On May 16, 2017, pending a hearing on the merits of the appeal, the Twenty-Fourth Judicial District Court issued an order staying the execution of the LMVC judgment.
In response to Wholesale's petition for administrative appeal, LMVC filed an "Opposition to Rule Nisi and Request for this *218 Court's Dismissal of Appeal Ex Proprio Motu ," arguing that Wholesale's petition for appeal was null and without legal effect because Danny Alonzo, as a non-lawyer corporate agent for Wholesale, was not authorized to represent Wholesale, and had engaged in the unlawful practice of law in violation of La. R.S. 37:213. Consequently, LMVC argued that because the petition for appeal was not properly filed within thirty days of the mailing of the notice of judgment, pursuant to La. R.S. 49:964(B), the filing of the petition for appeal in the Twenty-Fourth Judicial District Court was without effect and must be dismissed.
On July 19, 2017, Wholesale filed an opposition to the request for dismissal claiming Alonzo's motion for appeal was legally valid as a corporation is entitled to tend to its own business and legal demands. Wholesale argued the filing of its petition for appeal falls within the narrow exception, set forth in La. R.S. 37:212(C), to the general rule provided in La. R.S. 37:213, precluding non-lawyers from practicing law. Wholesale argued La. R.S. 37:212 (C) generally permits a non-lawyer corporate representative to appear in court on behalf of a corporate entity, particularly in this case as the LMVC judgment issued only a fine and costs, which is distinguishable from a judgment arising out of a claim for money damages.
On July 24, 2017, the district court heard arguments on LMVC's request for dismissal and on August 2, 2017, the district court granted LMVC's motion and dismissed Wholesale's appeal. On August 15, 2017, Wholesale filed a motion for appeal, which the district court granted on August 16, 2017. This appeal follows.
Analysis
In Louisiana, as a general rule, no individual not admitted to practice law by the Louisiana Supreme Court may represent another in court. La. R.S. 37:213(A) states:
A. No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:
(1) Practice law.
La. R.S. 37:212 defines the practice of law, stating in relevant part "[i]n a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state ...." Documents filed by a non-attorney on behalf of another individual have no legal effect. Torregano v. Imperium Builders South, LLC , 16-0644 (La. App. 4 Cir. 2/15/17), 212 So.3d 638, 642.
As a general rule, corporate entities must be represented by counsel.[4] D.W. Thomas & Son, Inc. v. Gregory , 50,878 (La. App. 2 Cir. 11/23/16), 210 So.3d 825, 828-29.
La. R.S. 37:212 provides limited exceptions to the general rule limiting the practice of law to duly barred individuals. Specifically, La. R.S. 37:212(C) creates a *219 narrow exception permitting non-barred individuals to act as corporate agents in a court of law for limited purposes, providing:
[n]othing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
La. R.S. 37:212 (C).
The statutory exception allowing an authorized agent or representative-who is not a licensed lawyer-to represent a corporate entity is unartfully drafted, creating confusion regarding the exception's scope and proper application. See In re LaMartina , 16-0328 (La. 12/6/17), --- So.3d ----, 2017 WL 6031877, 2017 La. LEXIS 2881 ; First Bank & Trust v. Proctor's Cove II, LLC , 13-802 (La. App. 5 Cir. 9/24/14), 150 So.3d 418, 425 (concurring opinion), writ denied , 14-2236 (La. 1/9/15), 157 So.3d 1110.
La. R.S. 37:212(C) as currently written may be subject to at least two interpretations. Under the first interpretation, subsection (C) is read to limit non-lawyers acting as corporate agents to asserting or defending claims in an amount not exceeding $5,000.00. Under this interpretation, since the "asserting or defending any claim" language appears immediately before the clause providing for a maximum amount in dispute of $5,000.00, the statute is viewed as intending to impose this $5,000.00 cap on all claims, regardless of whether filed in a court of limited or general jurisdiction. See First Bank , 150 So.3d at 426-27 (concurring opinion). Under an alternative interpretation, that argued here by Wholesale, subsection 37:212(C) is read to limit a non-lawyer agent of a corporate entity to asserting or defending claims on the corporation's behalf in a court of limited jurisdiction not exceeding $5,000.00, but to permit an authorized partner, shareholder, officer, employee, or duly authorized agent to assert or defend a claim of any amount in a court of general jurisdiction. Id.
Wholesale argues that In re LaMartina , supra , a recent disciplinary decision rendered by the Louisiana Supreme Court, supports its proposed statutory interpretation. In LaMartina , the Supreme Court declined to discipline a suspended attorney for the unauthorized practice of law, after the suspended attorney filed documents as an agent for her family-run limited liability company. In re LaMartina , --- So.3d at ----, 2017 WL 6031877, at *1, 2017 La. LEXIS 2881, at *1. The Court found the Office of Disciplinary Counsel failed to prove by clear and convincing evidence that the attorney engaged in the unauthorized practice of law due to the ambiguity in La. R.S. 37:212 (C). Id.
Wholesale claims that the LaMartina decision supports its proposed statutory interpretation of La. R.S. 37:212(C). However, in LaMartina , the Louisiana Supreme Court rendered a per curiam opinion dismissing the LaMartina disciplinary proceedings without giving reasons and, particularly, without interpreting La. R.S. 37:212(C). Chief Justice Johnson, dissenting from the majority, wrote, "[t]he issue is whether this exception permitted the respondent to appear on behalf of the LLCs such that she did not engage in the unauthorized practice of law. In my view, rather than summarily dismissing the charges, this court should set this matter for oral argument and issue an opinion directly addressing whether Section (C)
*220 permits a non-lawyer to represent an LLC." Id. at ---- - ----, 2017 WL 6031877, at *1, 2017 La. LEXIS 2881, at *2-3 (Johnson, C.J., dissenting opinion). In concurring in part and dissenting in part, Justice Weimer also agreed "that La. R.S. 37:212(C) is ambiguous and, thus, the respondent should not be disciplined[.] I believe this court should grant and docket this matter to bring clarity to the meaning of this statute." Id. at ----, 2017 WL 6031877, at *1, 2017 La. LEXIS 2881, at *2 (Weimer, J., concurring in part and dissenting in part).
While the Louisiana Supreme Court in the LaMartina case did not interpret the 37:212(C) exception, the Louisiana Circuit Courts of Appeal's prevailing interpretation of the statute permits a non-lawyer authorized agent to represent a corporate entity in any court only in cases in which the amount in dispute does not exceed $5,000.00. See Torregano , 212 So.3d at 641 n.2 ; Citadel Builders, L.L.C. v. Dirt Worx of La., L.L.C. , 14-495 (La. App. 5 Cir. 11/25/14), 165 So.3d 117, 123, reversed and remanded for contradictory hearing on motion to strike , 14-2700 (La. 5/1/15), 165 So.3d 908 ; see also First Bank & Trust , 150 So.3d at 426-27 (concurring opinion concluding "that in order for the exception provided in La. R.S. 37:212(C) to apply-allowing a legal entity to assert or defend a claim on its own behalf-the amount in controversy subject to the litigation may not exceed five thousand dollars.").
In a concurring opinion in First Bank & Trust, supra , the current writing judge reviewed the legislative history of the enactment of and subsequent amendments to La. R.S. 37:212, and opined that the legislative history supports the conclusion that a member or agent of a corporate entity may only appear on behalf of the entity when the amount in controversy in the litigation is under $5,000.00:
Subsection (C) was added in 1980 by Act No. 161, which provides that the enactment of Subsection (C) is to "authorize partnerships, corporations, and other legal entities to assert certain claims or enter certain defenses in courts of limited jurisdiction...." The language of Subsection (C), as added in 1980, permitted a legal entity to assert "any claim not exceeding twelve hundred dollars or defense pertaining to an open account or promissory note on its own behalf in the courts of limited jurisdiction...." In 1985, the statute was amended by Act No.783, "to increase the amount of any claim...which any partnership, corporation, or other legal entity may assert on its own behalf...." The 1985 amended language to Subsection (C) contained similar language to the pre-1985 version of the statute but raised the amount in dispute to provide that the legal entity could then assert "any claim, not exceeding two thousand dollars...."
The statute was again amended in 1992, by Act No. 673, to "raise the amount in dispute below which a partnership, corporation, or legal entity may assert claims in court through an authorized representative...." The 1992 revised version of Subsection (C) again increased the amount to five-thousand dollars. The 1992 version read as follows:
C. Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting any claim, not exceeding five thousand dollars, or defense pertaining to an open account or promissory note, or suit for eviction of tenants on its own behalf in the courts of limited jurisdiction on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized *221 agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
La. R.S. 37:212(C).
Arguably, one could interpret the above version of La. R.S. 37:212(C) to limit any claim asserted by the legal entity to five thousand dollars; however, as to any "defense pertaining to an open account or promissory note, or suit for eviction of tenants[,]" the 1992 version could be read to place no limit on the amount at issue, with the exception that the litigation must be filed in a court of limited jurisdiction.
La. R.S. 37:212(C) was again amended in 2010, to delete the "defense pertaining to an open account" language and to add an "or" following "courts of limited jurisdiction[.]" The changes are reflected as follows:
Nothing in this Section shall prohibit any partnership, corporation, or other legal entity from asserting or defending any claim, not exceeding five thousand dollars, on its own behalf in the courts of limited jurisdiction or on its own behalf through a duly authorized partner, shareholder, officer, employee, or duly authorized agent or representative. No partnership, corporation, or other entity may assert any claim on behalf of another entity or any claim assigned to it.
I interpret the above amendment to provide that a legal entity may assert or defend any claim-not exceeding five thousand dollars-on its own behalf. The entity may assert or defend a claim on its on behalf in a court of limited jurisdiction or in any court through a duly authorized representative. The legislature, in the 2010 amended version-in effect at the time the trial court ruled on First Bank's Motion to Disqualify Keith Paul Gagnon-placed the language "asserting or defending any claim" before the language imposing the "five thousand dollar" limitation to the amount in controversy. I interpret the amended language to impose a five thousand dollar limitation to any claim or defense asserted by a legal entity on its own behalf, whether filed in a court of limited jurisdiction or in any other court. Therefore, it is my opinion that in order for the exception provided in La. R.S. 37:212(C) to apply-allowing a legal entity to assert or defend a claim on its own behalf-the amount in controversy subject to the litigation may not exceed five thousand dollars.
Frist Bank & Trust, supra, at 425-27 (Emphasis original).
This Court, in Citadel Builders, L.L.C. , supra, adopted the First Bank concurring opinion analysis interpreting La. R.S. 37:212(C). In Citadel , we found that a limited liability company could not represent itself through a corporate representative in a court of general jurisdiction as the claim, for more than one million dollars, exceeded the $5,000.00 statutory limitation provided in La. R.S. 37:212(C).[5] Citadel Builders , 165 So.3d at 123.
*222 Finally, we find that Wholesale's interpretation of La. R.S. 37:212(C) to limit a non-lawyer corporate representative's ability to appear on behalf of the corporation to matters in which the amount in controversy does not exceed $5,000.000 in courts of limited jurisdiction but to give such non-lawyer representatives unrestricted access in courts of general jurisdiction renders the La. R.S. 37:213 restriction prohibiting non-lawyer corporations from practicing law meaningless. This interpretation would cause the exception to overcome the general rule and would further render the first sentence of La. R.S. 37:212(C), creating the partial $5,000.00 limitation in courts of limited jurisdiction, relatively superfluous.
In this case, the disputed amount exceeds the $5,000.00 restriction. The judgment against Wholesale including fines and costs totaled $138.523.80. Therefore, because Wholesale's May 12, 2017 "Petition for Appeal of Administrative Adjudication and Request for Stay Order Pending Appeal" was filed by Danny Alonzo, who is not licensed to practice law in Louisiana, the filing is without effect and the district court properly dismissed Wholesale's appeal. See Torregano , 212 So.3d at 642 (citing La. C.C.P. arts. 2088, 2121) ; Brennan's Inc. v. Colbert , 13-0943 (La. App. 4 Cir. 9/25/13), 125 So.3d 537, 539 ; see also Senior's Club ADHC v. State through Dep't of Health & Hosps. , 15-1165 (La. App. 1 Cir. 12/22/16), 2016 WL 7439328, at *2, 2016 La. App. Unpub. LEXIS 500, at *5 (finding that a member of a limited liability company is not permitted by law to perfect an appeal; the appellate court lacks jurisdiction to hear the appeal, and the appeal must be dismissed).
Decree
For the reasons discussed above, we affirm the district court's dismissal of Wholesale's "Petition for Appeal of Administrative Adjudication."
AFFIRMED

The judgment also stayed the collection of the assessed $100,000.00 fine, legal costs of $35,583.56 and appellate costs in the 24th Judicial District Court of $2,940.24 pending Wholesale's appeal of the LMVC's judgment.

Pursuant to the judgment, the fine would be reduced to $25,000.00 upon Wholesale's obtaining a motor vehicle sales license for 2015, 2016, and 2017 within thirty days of judgment.

Wholesale was represented at the administrative hearing before the LMVC by Victor R. Loraso III. At the conclusion of the hearing before the LMVC, the representation terminated. On April 24, 2017, Loraso, in correspondence to Wholesale, advised Wholesale that it had thirty days from the mailing of the judgment to appeal to the 24th Judicial District Court, and that it should retain Loraso or engage another attorney.

This rule extends even to corporate entities with only one shareholder. Torregano , 212 So.3d at 642 n.5 ; D.W.Thomas , 210 So.3d at 829.

In Citadel , the district court failed to hold a hearing on plaintiff's motion to strike an answer filed by defendant's non-lawyer corporate agent. Citadel Builders , 165 So.3d at 123. On appeal, this Court found the district court's failure to hold a hearing on the motion to strike was harmless error, because the failure to hold a hearing did not affect the outcome of the case as the answer was filed by an individual not licensed to practice law in Louisiana. Id. at 123. The Louisiana Supreme Court granted certiorari to determine whether the district court's failure to conduct a contradictory hearing on plaintiff's motion to strike was harmless error. Citadel Builders v. Dirt Worx of La., L.L.C. , 14-2700 (La. 5/1/15), 165 So.3d 908, 909. The Supreme Court determined that a contradictory hearing was necessary, because "plaintiff's motion to strike was based, in part, on the allegation that the answer filed on behalf of defendant was filed by an individual who is not licensed to practice law, an allegation that clearly requires supporting proof, yet a review of the record reveals no proof was offered or received." Id. at 910-11. This error was prejudicial as defendant should have had the opportunity to claim the benefit of its answer. Id. at 911. In this case, Wholesale had the opportunity to claim the benefit of Alonzo's petition for appeal at the July 24, 2017 hearing.