Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,227-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ELA GROUP, INC.                                    Plaintiff-Appellant

versus

BRADLEY MURCHISON KELLY                   Defendant-Appellee
& SHEA, LLC

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 642,554

Honorable Ramon Lafitte, Judge

* * * * *

LAW OFFICE OF BRIAN E. CRAWFORD          Counsel for Appellant
By: Brian E. Crawford

DAVID E. VERLANDER, III

GIBSON LAW PARTNERS, LLC                   Counsel for Appellee
By: Marc D. Moroux
    Kevin C. Ellis

* * * * *

Before STONE, ROBINSON, and MARCOTTE, JJ.

**MARCOTTE, J.**

This appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Ramon Lafitte presiding. Plaintiff-Appellant ELA Group, Inc. ("ELA") appeals the trial court's ruling granting a dilatory exception of unauthorized practice of law and a peremptory exception of no right of action in favor of defendant-appellee Bradley, Murchison, Kelly and Shea, LLC ("Bradley Murchison"). The trial court dismissed ELA's petition without prejudice because it was filed by a nonlawyer. For the following reasons, we affirm.

## FACTS

ELA is a commercial construction company based in Shreveport, Louisiana. In 2020, ELA entered into a contract to perform work on a cemetery in Zachary, Louisiana. The subcontractor for the work was Rigid Constructors, LLC ("Rigid"). The two companies encountered disagreements over payments to Rigid and work performed by Rigid. On October 5, 2020, Rigid filed a lawsuit in the United States District Court for the Middle District of Louisiana wherein it alleged that ELA violated the Miller Act, a federal law that requires general contractors on certain government construction projects to post bonds.

ELA engaged Bradley Murchison to represent it in the suit through the firm's Shreveport office. Bradley Murchison filed an answer on behalf of ELA that amounted to a general denial. The firm indicated that it would later amend the answer to assert affirmative defenses and a counterclaim. However, the date by which amended pleadings were due, March 31, 2021, passed without any action by Bradley Murchison on behalf of ELA.

Because the deadline passed, the magistrate judge assigned to the case refused to permit ELA to amend its answer.

The case was ultimately placed on the trial docket for the spring of 2023. About six months before trial, the lawyer at Bradley Murchison who handled the case retired. ELA retained new counsel, who advised the company that it would be unable to assert any affirmative defenses and counterclaims. On March 1, 2023, ELA settled the case with Rigid on terms that it believed were unfavorable.

On March 3, 2023, ELA filed a petition for damages in Caddo Parish through its president, Ed Angel, who was not a lawyer. ELA named Bradley Murchison as a defendant and alleged that it suffered damages as a result of the firm's negligent representation of it in Rigid's suit.

After filing its petition, ELA again obtained new counsel, Attorney Brian Crawford ("Atty. Crawford"), who informally contacted counsel for Bradley Murchison in April 2023. On April 14, 2023, Bradley Murchison responded to ELA's suit with exceptions asserting the unauthorized practice of law by Mr. Angel, an exception of vagueness and ambiguity, a motion to strike, and a motion to set bond for security for costs. It also asserted an exception of no right of action.

On April 19, 2023, Atty. Crawford enrolled as counsel and filed an amended and supplemental petition. Bradley Murchison thereafter renewed the same exceptions and motions and moved to strike the enrollment of counsel. On May 2, 2023, ELA filed a second amended and supplemental petition, furthering its allegations against Bradley Murchison.

On May 13, 2024, the trial court heard Bradley Murchison's exceptions and motions. In an oral ruling, the trial court sustained Bradley Murchison's exception of unauthorized practice of law and exception of no right of action, dismissing ELA's claim without prejudice. The trial court noted that ELA's petition was filed "by an individual who is not admitted to practice law," and it therefore "had no legal effect." All other exceptions and motions were deemed moot. The trial court signed a judgment on June 3, 2024, reflecting its ruling. ELA now appeals.

## DISCUSSION

ELA does not dispute that Ed Angel is a nonlawyer and that his filing constituted unauthorized practice of law. However, ELA asserts that this defect was not incurable, and that it was in fact cured by enrollment of new counsel and amendment of the petition.

ELA argues that it is not appropriate for a technical pleadings error to substantively deprive it of its right to present claims or defenses without first affording it an opportunity to enroll a lawyer and resolve the defect in its pleadings. ELA submits that it has not been able to find any reported cases holding that under these circumstances the filing by a nonlawyer is an absolute nullity which cannot be cured by enrollment of counsel.

ELA argues that the trial court's decision is inconsistent with the jurisprudence of Louisiana, and cites two cases in support, *Citadel Builders, L.L.C. v. Dirt Worx of La., L.L.C.*, 14-2700 (La. 5/1/15), 165 So. 3d 908 ("Citadel"), and *Seelig v. Kit World Super Store, Inc.*, 97-1592 (La. App. 4 Cir. 1/21/98), 705 So. 2d 806.

In *Citadel, supra*, the plaintiff filed suit against the defendant for breach of contract. A preliminary default was taken. *Id*. The defendant LLC filed an answer, but without legal counsel. *Id*. Thereafter the plaintiff moved to confirm its default, contending that the answer filed by a nonlawyer violated La. R.S. 37:213 (regarding the unauthorized practice of law) and should be stricken and the default granted. *Id*. The trial court granted the plaintiff's motion and confirmed the default without having conducted a hearing on the motion to strike. *Id*. The appellate court affirmed finding the failure to hold a hearing to be harmless error. *Id*. The supreme court reversed, holding that the hearing was mandatory, and further that it was not harmless error because the defendant could and should have been provided an opportunity to enroll counsel. *Id*. The supreme court stated: "Had the trial court conducted the mandated contradictory hearing in this matter, defendant would have had the opportunity to cure any deficiencies in its pleadings, either by controverting the plaintiff's proof or by engaging an attorney to appear on its behalf." *Id*. at p. 4, 165 So. 3d at 911. ELA contends that this language from the supreme court leads to the conclusion that "even if no counsel had been enrolled in advance of the hearing, that enrollment at that time would have cured the defect."

In *Seelig, supra*, plaintiff sued defendant Kit World for damages. Kit World answered through its agent for service of process, who was not an attorney. *Id*. Plaintiff sought and obtained a default judgment. *Id*. The court of appeal reversed and held that although the pleading by a nonlawyer was inappropriate, the proper approach was to have given the defendant an opportunity to cure the defect by enrolling counsel and having counsel

4

endorse or amend the answer. *Id*. ELA contends that this decision conflicts with and demonstrates the error of the trial court's decision in the present action.

ELA notes that no new lawsuit is possible here because the legal malpractice claim "arguably was perempted" on March 3, 2023, exactly one year from the date that the magistrate judge refused to allow Bradley Murchison to amend the underlying case. Therefore, ELA submits that the dismissal without prejudice in this case is a meaningless designation because of the laws of peremption of claims for attorney negligence. ELA argues that dismissal without prejudice in this instance is too draconian a measure because it effectively terminates the litigation "for no logical or equitable reason."

Finally, ELA cites several cases for the proposition that, while certain pleadings may be incorrect, courts have distinguished pleadings from actions such that the action is not necessarily null even if the pleading is incorrect.

Bradley Murchison argues that ELA's lawsuit was filed by a non-attorney on behalf of a corporation in direct violation of La. R.S. 37:213, resulting in the unauthorized practice of law. The firm notes that jurisprudence recognizes that a lawsuit filed by a non-attorney on behalf of another is considered the unauthorized practice of law.

Bradley Murchison contends that *Citadel, supra*, and *Seelig, supra*, do not stand for ELA's proposition that it may simply enroll counsel to amend an illegally filed petition to cure the deficiencies in it. The firm contends that both cases are distinguishable from the present matter because they involved different pleadings and different types of motions. Bradley

5

Murchison notes that ELA has not cited any legal authority which supports its contention that a pleading filed in violation of La. R.S. 37:213 may be cured by amendment or relate back to a prior pleading. The firm submits that such petitions are deemed to have no legal effect and cannot be cured by the filing of an amended petition by a licensed attorney because there is no pleading to cure or relate back to.

Appellee contends that the appropriate remedy for a lawsuit filed during the unauthorized practice of law is a dismissal without prejudice, giving the plaintiff an opportunity to refile its suit. Bradley Murchison argues that any consequence of that subsequent filing is immaterial and irrelevant.

Accordingly, Bradley Murchison submits that the trial court did not commit legal error when it sustained ELA's exception of unauthorized practice of law and peremptory exception of no right of action.

La. R.S. 37:213(A) provides:

No natural person, who has not first been duly and regularly licensed and admitted to practice law by the supreme court of this state, no corporation or voluntary association except a professional law corporation organized pursuant to Chapter 8 of Title 12 of the Revised Statutes, and no partnership or limited liability company except one formed for the practice of law and composed of such natural persons, corporations, voluntary associations, or limited liability companies, all of whom are duly and regularly licensed and admitted to the practice of law, shall:

(1) Practice law.

As defined in La. R.S. 37:212 the "practice of law" means and includes: "[i]n a representative capacity, the appearance as an advocate, or the drawing of papers, pleading, or documents, or the performance of any act

in connection with pending or prospective proceedings before any court of record in this state."

A corporation is a juridical person, separate and distinct from its officers, shareholders, and duly authorized representatives. It is well settled that a corporation must be represented by counsel and cannot bring an action on its own behalf.[1]

The jurisprudence of this state has consistently held that actions taken by unrepresented corporations have no legal effect. For instance, in *D.W. Thomas & Son, Inc. v. Gregory*, 50,878 (La. App. 2 Cir. 11/23/16), 210 So. 3d 825, this court upheld the dismissal of a suit for abandonment despite attempts at propounding discovery by an unrepresented corporation. In *D.W. Thomas & Son, Inc., supra*, the plaintiff argued that discovery requests it propounded on the defendant's attorney interrupted the running of the three-year abandonment period. That discovery was signed by Thomas, who was the president and owner of the plaintiff corporation, but not an attorney. After a hearing, the trial court found that the matter was abandoned and entered a judgment of dismissal. This court affirmed, holding that corporate entities must be represented by counsel and that service of the discovery had no legal effect.

In *Wholesale Auto Grp., Inc. v. La. Motor Vehicle Comm'n*, 17-613 (La. App. 5 Cir. 5/23/18), 247 So. 3d 215, *writ denied*, 18-1017 (La. 10/8/18), 253 So. 3d 795, a petition was dismissed for lack of jurisdiction because it was impermissibly filed on behalf of a corporation by its

---

[1] The exception to this general rule, set forth in La. R.S. 37:212(C), does not apply because ELA conceded that the amount in controversy exceeds $5,000.

7

nonlawyer corporate representative. Administrative proceedings resulted in assessment of fines and costs approximating $138,000 against Wholesale Auto, and the corporation's counsel terminated the representation at the conclusion of the administrative hearing. Wholesale Auto was advised to retain new counsel, but instead its owner and corporate agent filed a petition appealing the administrative judgment on behalf of the corporation. The court of appeal held that the petition was filed by a person not licensed to practice law in Louisiana, and thus it was without effect.

Similarly, the petition filed in this case had no legal effect because it was filed by a non-attorney on behalf of a corporation. ELA's argument that its petition's lack of legal effect is of no import rings hollow. And the cases it uses to bolster its argument, *Citadel, supra,* and *Seelig, supra,* are distinguishable from the case at hand.

In *Citadel, supra*, ELA argues that the following part of the court's opinion supports its position:

> Had the trial court conducted the mandated contradictory hearing in this matter, plaintiff would have had the opportunity to offer supporting proof of its motion and defendant would have had the opportunity to cure any deficiencies in its pleadings, either by controverting the plaintiffs proof or by engaging an attorney to appear on its behalf.

*Id*. at p. 4, 165 So. 3d at 911.

However, this argument is flawed because the entirety of *Citadel, supra,* is based on the trial court's failure to conduct a contradictory hearing prior to granting the plaintiff's motion to strike.

Unlike in *Citadel, supra*, in the present matter, there was no failure to conduct a contradictory hearing. Additionally, at the time of the hearing, ELA was represented by counsel and the trial court still determined that

8

ELA engaged in the unauthorized practice of law when the petition was filed and that the petition had no legal effect. Specifically, the trial court stated in pertinent part:

> In connection with an unauthorized -- dilatory exception of unauthorized practice of law and peremptory exception of no right of action, the Court is granting that exception. It was filed by an individual who is not admitted to practice law. There's argument that, okay, it was cured later, but as counsel correctly stated, that petition had no legal effect. It cannot be revived by an amendment, it had to be - - I agree, in your brief you indicated the petition should have been refiled, which I agree.

ELA further argues that based on *Seelig, supra*, if the original answer had been considered an absolute nullity, there would have been no opportunity for enrollment of counsel or amendment. However, in the present matter, there is no dispute that Mr. Angel was aware that he should retain counsel to represent ELA but did not. It was not until after Bradley Murchison filed its exception that ELA retained counsel. ELA had the opportunity to dismiss its suit and refile it before a hearing was held on Bradley Murchison's pleadings but chose not to.

*Citadel, supra*, and *Seelig, supra*, do not stand for ELA's proposition that it may simply enroll counsel to amend the petition, and thereby cure any deficiencies in its improperly filed original petition. ELA has not cited any legal authority which supports its contention that a pleading filed in violation of La. R.S. 37:213 may be cured by amendment or relate back to a prior pleading. To the contrary, the jurisprudence is consistent in holding that pleadings filed by persons engaged in the unauthorized practice of law have no legal effect.

Furthermore, the cases cited by ELA address the filing of answers by non-attorneys on behalf of another. In a situation where a petition is filed by

9

an attorney and a non-attorney answers the petition, even if the defendant's answer is stricken, the entirety of the suit still exists because the petition establishing the suit would be considered valid since it was filed by an attorney. Here, the petition initiating the suit filed by Ed Angel had no legal effect; therefore there was nothing to be cured by retaining counsel and there was no existing or valid suit to revive or relate back to. When a pleading has "no legal effect" it is effectively nonexistent. ELA's suit did not exist until its counsel enrolled and filed an amended petition.

Whether the validly filed suit was preempted is not an issue before this court. Indeed, the sole issue on appeal is whether the trial court was correct in granting Bradley Murchison's dilatory exception of unauthorized practice of law and peremptory exception of no right of action. Concerns over the potential consequences to ELA are not relevant to our analysis. Said another way, the subsequent endorsement by an attorney of an illegally filed petition does not cure the petition of its illegality simply because the plaintiff has concerns that its claim might then be preempted.

The well settled law of this state prohibits nonlawyers from filing pleadings in a representative capacity. ELA's petition filed by Mr. Angel, a nonlawyer acting on ELA's behalf, was improper on its face and not recognized by law. Accordingly, the petition was without legal effect and the trial court correctly dismissed it without prejudice.

## CONCLUSION

For the reasons set forth above, we affirm the action of the trial court in sustaining Bradley Murchison's dilatory exception of unauthorized

10

practice of law and peremptory exception of no right of action. Costs of this appeal are assessed to ELA.

**AFFIRMED.**